WEATHERBEE VS. WEATHERBEE.

*Jurisdiction—Service of summons in another state—Vacating judgment in divorce at a subsequent term.*

1. Where no order of publication has been made, service of the summons upon the defendant in another state, is void.

20  499
79  443

20  499
113  4  33

20  499
60 LRA 297n

2. A written admission of service, in such a case, signed by the defendant in another state, with an agreement to "waive any other service," is not sufficient to give the court here jurisdiction.

3. Jurisdiction in such case can be given only by an appearance.

4. A judgment for divorce rendered without jurisdiction of the person of the defendant, may be set aside on motion at a subsequent term.

APPEAL from the County Court of *Dane* County.

*Margaret Weatherbee* made a motion in April, 1865, to set aside a judgment for divorce rendered against her in the same court in June, 1863, on the ground that the court had not acquired jurisdiction of her person. At the time the action for divorce was brought, *Mrs. Weatherbee* was in Detroit, Michigan, and upon the summons, attached to the complaint, was the following admission of service, signed by her at Detroit: "I, *Margaret Weatherbee*, the defendant named in the within summons and complaint, hereby acknowledge due and legal service of the within summons and complaint upon me, by the delivery to and leaving with me true copies thereof, and I hereby waive all other service of this summons and complaint upon me. April 2, 1863." No order of publication was made in the case, and there was no appearance by the defendants. The county court sustained the motion, and set aside the judgment of divorce; and the plaintiff appealed.

*J. H. Carpenter* and *E. & C. T. Wakeley*, for appellant, cited R. S., chap. 124, sec. 13, and sec. 10, subd. 5; *Humphreys v. Humphreys*, 1 Morris (Iowa), 359; *Chapman v. Allen*, id., 23; *Whitly v. Barker*, 1 Root, 406; *Taylor v. Cooke*, 1 Coxe (N. J.), 54; *Talman vs. Barnes*, 12 Wend., 227; *Myers v. Overton*, 2 Abbott, 344; *Struver v. Ocean Ins. Co.*, 9 id., 23; *Hilton v. Thurston*, 1 id., 318; *Ex parte Crosby*, 8 Cow., 119; *Chapman v. Gray*, 8 Geo., 337. By accepting service and waiving all other service, the defendant voluntarily submitted herself to the jurisdiction of the court. It was an admission in the course of a judicial proceeding, by which she is estopped. The county court, in its finding in the divorce case, declared that the defendant had been "duly served personally."

That, court cannot review that decision. It is *res adjudicata*. 14 Wis., 26; 15 id., 474.

*Spooner & Lamb*, for respondent, cited *Fenton v. Garlick*, 8 Johns., 194; *Litchfield v. Burwell*, 5 How. Pr. R., 341; and *Peck v. Cook*, 41 Barb., 549.

DOWNER, J.   The summons was served on the defendant in the state of Michigan, and the admission of service on the back of the summons was signed by her in that state, where she was then temporarily residing. No order of publication was made in the case. The court are of opinion that such service and admission of service are entirely void. Nor can the agreement following the admission of service, or forming a part of it, that she waived all other service, avail to give the county court jurisdiction. She could not waive the order of publication required by the statute in any other way than by entering her appearance or causing it to be entered by her attorney in the action. It follows that the judgment of the county court is void, and, according to the decision of this court at this term in the case of *The Ætna Insurance Company v. McCormick*, [*ante*, p. 265], could be set aside at a subsequent term on motion.

*By the Court.*—The judgment of the county court is affirmed.