SHAW v. THE NATIONAL STATE BANK OF MOUNT PLEASANT ET AL.

1. **Jurisdiction**: NOTICE. A memorandum in writing signed by the defendant, stating that he waives further notice and makes a voluntary appearance, is sufficient to confer jurisdiction upon the court.

2. ———: ———: DECREE. It is competent for the court to render a decree upon the same day that appearance in the case is so entered.

*Appeal from Henry District Court.*

THURSDAY, SEPTEMBER 19.

IN 1870 J. B. Shaw, the husband of plaintiff, executed to

the National State Bank of Mount Pleasant his note for five thousand dollars, and a mortgage to secure it. In March, 1874, Shaw died, and this note, by successive renewals, had become a note for five thousand dollars, dated November, 1873, due in ninety days.

On the 18th day of February, 1875, the bank filed its petition in equity in the Henry District Court for foreclosure of said mortgage, making defendants to said action plaintiff, the widow, and the children, as heirs, of the mortgagor. The mortgage in question was not executed by the plaintiff. On the 15th day of February, 1875, the plaintiff and the other defendants in said foreclosure proceeding signed a paper of which, omitting caption, the following is a copy: "We severally hereby acknowledge due and sufficient service of notice of the above entitled action, and waive other or further notice thereof, and hereby enter our voluntary appearance in said action." This paper was filed in the cause March 19, 1875. On the same day decree was entered for the amount of the note and the foreclosure of the mortgage, and the sale of the mortgaged premises, and that upon such sale all the right, title and interest of the defendants in and to the mortgaged premises be barred and forever cut off, and the purchaser thereat take said premises free from all and every claim, right or title of said defendants, and each of them, subject only to any redemption provided by law.

On November 20, 1875, the premises were sold at sheriff's sale, under special execution, to T. Whiting, president, and a sheriff's certificate of sale was executed to him, who transferred it to T. Whiting, who, a year after the sale, obtained a sheriff's deed to the premises, and took possession thereunder. On the 14th of February, 1876, the plaintiff commenced her action to set aside the decree of foreclosure, and the sale thereunder, so far as the same affect her rights, claiming that she is entitled to one-third part of the mortgaged premises as dower. The cause was submitted to the court upon the pleadings and an agreed statement of

facts.   The court dismissed plaintiff's petition, and quieted the title of the defendant T. Whiting upon his cross-bill. The plaintiff appeals.

*A. H. & T. A. Bereman,* for appellant.

*Woolson & Babb,* for appellees.

DAY, J.—I.   Appellant insists that the foreclosure decree was entered without jurisdiction, in that the plaintiff in this action, defendant in the foreclosure proceeding, was not served with notice, and did not enter any appearance.   Section 2626 of the Code provides : "The mode of appearance may be—*First,* by delivering to the plaintiff or the clerk of the court a memorandum in writing to the effect that defendant appeared, signed either by the defendant in person, or his attorney, dated the day of its delivery, and to be filed in the case."   Notwithstanding the elaborate argument of appellant's attorneys, we feel constrained to hold that the filing in the case of the paper set out above constituted an appearance in the case, and obviated the necessity for any service of notice.   It seems to us, beyond all reasonable question, that it complies in all respects with the provisions of the statute.   It was filed in the case, and, therefore, must have been delivered to the plaintiff or the clerk of the court; at least such delivery, in the absence of proof to the contrary, must be presumed.   The presumption is, as appellant concedes, that it was delivered on the day it bears date.   It is signed by the plaintiff, who was a defendant in that action. It states that the defendants " hereby enter our voluntary appearance in said action."   It is difficult to see how it could be more explicit in its terms, or could more fully comply with the provisions of the statute.   Without answering *seriatim* or at length the objections made thereto by appellant's counsel, we deem it sufficient to say that we regard it as in all respects sufficient to give the court jurisdiction of the persons of the defendants.

1. JURISDIC-
TION: notice.

II.   This paper was filed in the case on the 19th day of March, 1875, and on the same day the decree was entered. The appellant insists that the court should not

2. ——: ——:
decree.

have entered a decree upon the day of the appearance, but should have fixed some day on which defendants should plead.   This position, we think, is untenable.   From the fact of filing this paper and making no personal appearance, the court might well conclude that the defendants did not desire to make any defense.   If they wanted time to plead they should have appeared personally, or by attorney, and asked it.   Besides, if it should even be conceded that the court should have fixed a time for defendants to plead, the neglect to do so would be at the most a mere irregularity or error.   It would not affect the jurisdiction of the court to enter the decree.

III.   It is claimed that the allegations and prayer of the petition do not authorize the decree which was rendered in the foreclosure case.   The petition alleges that the claim made by plaintiff is superior to any and all claims of the defendants, and prays that the mortgaged premises may be sold to pay the amount due, that defendants' rights be cut off, and for general relief.   The allegations and prayer of the petition are broad enough, we think, to authorize the decree rendered in the case.

There are other considerations which would lead to a like result; but, as the foregoing view is decisive of the case, and is satisfactory to us, we deem it unnecessary to present other views leading to the same conclusion.

AFFIRMED.