VERMONT FARM MACHINE Co. and others *v.* MARBLE, Com'r, etc.

*(Circuit Court, D. Vermont.* April 12, 1884.)

1. JURISDICTION OF CIRCUIT COURT—ACCEPTANCE OF SERVICE.
    By accepting service of process the defendant, in a suit arising under the patent laws, subjects himself to the jurisdiction of a court, sitting in a district of which he is not a resident.

2. SAME—BILL TO SECURE A PATENT.
    The United States courts have jurisdiction of bills to obtain the issue of patents refused by the commissioner.

3. SAME—WANT OF POWER TO ENFORCE DECREE.
    The fact that a circuit court cannot compel the commissioner of patents to obey its decree is no objection to its jurisdiction to entertain a bill against him for the purpose of obtaining a decree in favor of the orator's right to a patent. It is presumed that he will do his duty

In Equity.

*Frank T. Brown,* for commissioner.

*William E. Simonds,* for orators.

WHEELER, J. The bill was brought for an adjudication that the orators were entitled to a patent, pursuant to section 4915, Rev. St. The defendant accepted service of the subpœna to have the same effect as if duly served on him by a proper officer, and acknowledged receipt of a copy, but did not appear in court, nor made any objection to proceeding to decree. After hearing the orators, a decree was made and entered in their favor. 19 FED. REP. 307. The present commissioner now moves for a rehearing, principally upon the ground

of alleged want of jurisdiction of this court. One mode of attempting to show that this court has not jurisdiction is by claiming that the supreme court of the District of Columbia has exclusive jurisdiction. The language of this section, however, seems to preclude this idea. It reads:

"Whenever a patent, on application, is refused, either by the commissioner of patents or by the supreme court of the District of Columbia upon appeal from the commissioner, the applicant may have remedy by bill in equity."

This seems to clearly imply that the remedy may be elsewhere. *Whipple* v. *Miner*, 15 FED. REP. 117. Another, and the principal mode is by claiming that no circuit court of a district away from the patent-office, and in which the commissioner does not reside, can acquire jurisdiction of such cases. The circuit courts have original jurisdiction,—*ninth*, of all suits at law or in equity arising under the patent or copyright laws of the United States. Rev. St. § 629. This is, unquestionably, a suit so arising. There is no restriction upon proceeding in these courts in such cases except that civil suits against inhabitants of the United States are not to be brought by original process in any other district than that in which the defendant resides or is found at the time of service. Id. § 739. The court had general jurisdiction of this subject, and the defendant by his acceptance of service consented to be found in this district; and did not appear in court to object to being bound by his consent.

In *Ex parte Schollenberger*, 96 U. S. 369, Mr. Chief Justice WAITE, in delivering the opinion of the court, says:

"The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and one which he may waive. If the citizenship of the parties is sufficient a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

Here no question was made before; now where one on this subject is made it is not whether the commissioner can be compelled to answer, but whether he can consent to be sued away from the seat of government and his residence. *Prentiss* v. *Ellsworth*, Mirror of Pat. Off. 35; Laws Dig. 103; Whart. Dig. 365, raised the question as to the compulsion and not as to the consent, and it was held upon apparently sound reasoning by RANDALL, J., that the commissioner could not be compelled by process issuing out of the circuit court for the Eastern district of Pennsylvania to answer there. The question of jurisdiction founded on consent did not arise.

It is further objected against the jurisdiction here that the court here could not compel obedience of the commissioner at the patent-office to its decree. It is to be presumed, however, that a high officer of a department of the government will do his duty without compulsion, or even command, from any quarter, especially in a matter where he has no interest, nor the government any, except that the

duty be done. This provision of the statute is framed according to this view. The court does not decree that the commissioner shall issue a patent, but only "may adjudge that such applicant is entitled according to law to receive a patent for his invention as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent," etc. Granting the permission expressed the will of congress, which would be sufficient. Neither the adjudication nor issuing the patent under it will conclude any individual rights. The validity of the patent will be open to trial under the law. But if the patent is not granted no suit for infringement can be brought, and the right to the invention cannot be judicially tested. This jurisdiction has been exercised without challenge, except in *Prentiss* v. *Ellsworth, supra.* *Ellithorpe* v. *Robertson,* 2 Fish. 83. As this case is now considered the jurisdiction upon the consent of the commissioner seems to be ample. The question involved in the case on the merits was purely one of law, requiring the production of no models or exhibits, and no personal attendance, and might well be submitted anywhere. Whether, under the circumstances, it should be submitted here rested in the discretion of the commissioner. His act, in this respect, is binding upon his successor, like any other lawful act, and it oppresses no one. This ground presents no reason that appears to be sufficient for opening the case.

All the grounds now urged on the merits of the application for the patent were fully considered before, and no sufficient reason appears for going over the ground again.

The motion is denied.