PRENTISS D. CHENEY, APPELLANT, V. B. L. HARDING
ET AL., APPELLEES.

Summons: ACKNOWLEDGMENT OF SERVICE. An acknowledgment
of the service of a summons in writing on the back of such
summons, signed by a person to be served, *Held*, to be equiva-
lent to actual legal service of such summons by the sheriff to
whom the same is directed, made within his proper bailiwick.

APPEAL from the district court of Otoe county. Heard
below before POUND, J.

*E. F. Warren*, for appellant.

*John C. Watson* and *Frank T. Ransom*, for appellees.

COBB, J.

This was an action brought by the plaintiff, Prentiss D.
Cheney, to redeem certain lands in Otoe county, upon
which he is the holder of a second mortgage, from a sale
pursuant to a judgment of foreclosure rendered in an action
brought by the holder of a first mortgage upon the same
lands, and in which action the plaintiff was a defendant.

The judgment of the district court was for the defend-
ants dismissing the action, and the cause is brought to this
court by the plaintiff by appeal. He assigns the following
errors:

"*First*. The court below erred in holding that Cheney's
admission of service, made in Illinois, was equivalent to an
acceptance of service made within the jurisdiction of the
court.

"*Second*. The court erred in holding that the decree in
*Mutual Life Insurance Company v. B. L. Harding and
others* was a foreclosure against Cheney's rights.

"*Third*. The court erred in admitting in evidence the
tax deed from the treasurer of Otoe county to H. H. Gray.

5

"*Fourth.*   The court erred in finding for the defendants.

"*Fifth.*   The judgment for the defendants is contrary to law.

"*Sixth.*   The court below disregarded and violated the rights guaranteed to appellant by the Constitution of the United States, in this: The privileges and immunities enjoyed by citizens of Nebraska, and enforced by the supreme court of the state, were denied to this appellant, who is a citizen of the state of Illinois."

"The court denied to appellant the equal protection of the laws.

"The court deprived the appellant of his property without due process of law."

The principal question involved in the case is presented by the first assignment of errors.   Did the district court of Otoe county, in the case of *Mutual Life Insurance Company v. B. L. Harding and others*, acquire and have jurisdiction to render the judgment which it did in fact render in said cause, in so far as said judgment affected the rights of the present plaintiff, one of the defendants in said cause?

Our statute, section 72 of the code of civil procedure, provides that "an acknowledgement on the back of the summons, or the voluntary appearance of a defendant, is equivalent to a service."

It appears from the abstract that upon the trial of the cause, after the introduction in evidence of other parts of the record in the case of *Mutual Life Insurance Company against B. L. Harding and others*, plaintiff introduced a summons (part of said record).   I quote from the abstract: "In this summons the sheriff is commanded to summon P. D. Cheney, impleaded with B. L. Harding and others; and it is returned and filed September 3, 1877, and shows the following: 'I admit service of within summons this 29th day of August, 1877, at my residence in Jerseyville, Illinois.   P. D. Cheney.'"

It is not shown, either by the abstract or the transcript

itself, whether the above admission is written on "the back of the summons," so as to bring it strictly within the language of the statute, or upon some other part of the paper. But as the language of the admission refers to the summons as the *within* summons, I assume that it is on the back of the summons. The *service* to which the statute makes such service the equivalent, is undoubtedly actual legal service, and embraces within its meaning everything necessary to make such actual service legal, as well the place where made, as the officer who makes it. It cannot be conceived that it was the intention of the legislature to make such acknowledgment on the back of the summons the equivalent of substituted or constructive service only, because in cases of constructive service, where the defendant so served does not answer or appear, he may at any time within five years after the date of judgment have the same opened and be let in to defend upon showing by affidavit that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. See section 82 of the civil code. I conclude, therefore, that it is the true construction of the statute that the acknowledgment there specified is the equivalent in all respects of a legal service of the summons upon the back of which it is written, by the sheriff to whom it is addressed, made in his proper bailiwick.

The acknowledgment over the signature of the plaintiff, having been introduced in evidence by his own attorney, it will be treated as genuine in all respects. Were authorities necessary to so self-evident a proposition, they are found in the cases cited to that point by counsel for defendants— *Maclin v. The New England Mut. Life Ins. Co.*, 33 La. An., 801, and *Hewitt v. Buck*, 17 Me., 147.

To the general proposition, that a defendant will be bound by an acknowledgment or acceptance of service of a summons outside of the territorial jurisdiction of the court to which it is returnable, counsel for the defendants cites *Ex*

Cheney v. Harding.

parte *Schollenberger*, 96 U. S., 369.    *Vermont Farm Machine Co., v. Marble,* 20 Fed. R., 117, and *Johnson v. Monell,* 13 Ia., 300.   The federal cases are, I think, fairly in point to the principle contended for, and the Iowa case holds squarely with it; and the decision being upon a statute almost identical with our own, I regard it as applicable to and as conclusive of the case at bar.

The third error assigned is for the admission of improper evidence.   It has been often held in this court, upon what was considered sufficient authority, that error would not lie for the admission of improper or irrelevant evidence in a case tried to a court without a jury.

The second, fourth, fifth and sixth assignments of error are neither of them insisted on in the brief upon which plaintiff submitted the case.   They will, therefore, not be considered.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.