[No. 15168.   Department Two.—June 27, 1894.]

GEORGE GREENZWEIG, RESPONDENT, v. MARIE A. STRELINGER, APPELLANT.

ACTION UPON JUDGMENT RENDERED IN ANOTHER STATE—COLLATERAL IMPEACHMENT—WANT OF JURISDICTION.—In an action upon a judgment rendered in another state, it is competent collaterally to impeach the judgment by extrinsic evidence, showing want of jurisdiction in the court pronouncing the judgment, notwithstanding a recital in the record of the judgment of the existence of jurisdictional facts.

ID.—SERVICE OF SUMMONS.—In an action upon such judgment, it may be proven that no summons was served upon the defendant in the action in which the judgment sued upon was rendered.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. H. Lowenthal*, for Appellant.

The judgment being a foreign judgment could be collaterally attacked, and it was error to exclude evidence tending to show the want of proper service of summons. (*Thompson* v. *Whitman*, 18 Wall. 469.)

*William Rigby*, for Respondent.

The judgment could not be collaterally attacked. (*Marsters* v. *Lash*, 61 Cal. 622; *Hill* v. *City Cab etc. Co.*, 79 Cal. 188; *Hickman* v. *Alpaugh*, 21 Cal. 225; *Crim* v. *Kessing*, 89 Cal. 478; 23 Am. St. Rep. 491; *Sichler* v. *Look*, 93 Cal. 600; *Sacramento Sav. Bank* v. *Spencer*, 53 Cal. 737, 740; *Hodgdon* v. *Southern Pac. R. R. Co.*, 75 Cal. 648; *Harnish* v. *Bramer*, 71 Cal. 155; *Ex parte Sternes*, 77 Cal. 156; 11 Am. St. Rep. 251; *Lyons* v. *Roach*, 84 Cal. 27; *Provident Savings etc. Soc.* v. *Ford*, 114 U. S. 635.)

DE HAVEN, J.—This is an action to recover money alleged to be due upon a judgment recovered against

defendant in one of the courts of general jurisdiction of the state of Illinois. The complaint is unverified, and the answer contains a general denial.

The plaintiff obtained judgment in the superior court, from which and an order denying her motion for a new trial defendant appeals.

The record shows that the defendant was sworn as a witness in her own behalf upon the trial, and was asked whether any summons was served upon her in the action in which the judgment sued upon was rendered. The court sustained an objection to this question upon the ground "that the judgment on which this suit was brought could not be attacked collaterally; that it could only be attacked in a supplemental proceeding in the suit itself in the court in which it was rendered, or by suit in equity directly aimed to set aside the judgment; that all evidence of defendant tending to show the want of service of such process or summons, or to contradict the return of the sheriff of Cook county, Illinois, as to such service, was inadmissible, and should be excluded on that ground." This ruling was erroneous. In the *Estate of James*, 99 Cal. 374, 37 Am. St. Rep. 60, we said that it was competent to collaterally impeach a judgment rendered in another state by extrinsic evidence showing want of jurisdiction in the court pronouncing the judgment, and this, too, notwithstanding the record of the judgment sought to be impeached might contain a recital of the existence of such jurisdictional facts. See, also, as sustaining this rule the following cases, which were cited in that opinion: *Thompson* v. *Whitman*, 18 Wall. 457; *Grover etc. Machine Co.* v. *Radcliffe*, 137 U. S. 287; *Starbuck* v. *Murray*, 5 Wend. 148; 21 Am. Dec. 172; *Eager* v. *Stover*, 59 Mo. 87.

There was no error in sustaining the objection to the other question in relation to the omission of the sheriff to read to the witness the writ of attachment and summons issued in the action resulting in the judgment sued upon.

Judgment and order reversed.

FITZGERALD, J., and McFARLAND, J., concurred.

Hearing in Bank denied.