ALLURED v. VOLLER.

1. SERVICE OF PROCESS—WAIVER—JURISDICTION.

A stipulation indorsed by the defendant upon a summons in connection with an acceptance of service, that the plaintiff may proceed with the case the same as though service had been made as commanded in the summons, is sufficient to confer jurisdiction upon the court, although it was made beyond the territorial jurisdiction.

2. JUDGMENT—ASSUMPSIT—VOID LIEN PROCEEDINGS.

A judgment in *assumpsit* is not void because of an ineffectual attempt to enforce a mechanic's lien in the same proceeding.

3. SAME—EXECUTION—VALIDITY.
    An execution whose command is general, issued upon such
    judgment, is not invalid because it recites that the suit was
    instituted to enforce such lien, and describes the property
    against which it was asserted.  *Koepke* v. *Dyer*, 80 Mich. 311,
    distinguished.

Error to Osceola; McMahon, J.   Submitted December
6, 1895.   Decided December 17, 1895.

Ejectment by Robert A. Allured against James H. Vol-
ler.   From a judgment for plaintiff, defendant brings
error.   Affirmed.

*C. M. Beardsley*, for appellant.

*C. H. Rose*, for appellee.

MONTGOMERY, J.   This is an action of ejectment.
Plaintiff recovered a judgment, and defendant appeals.
Special findings of fact were filed, from which it appears
that prior to September 8, 1892, one Elbert D. Pierson
was the owner of the property in question.   Plaintiff on
that day filed a claim of lien with the register of deeds,
and the defendant at about the same date also filed a
claim of lien.   On the 3d of November, 1892, plaintiff and
defendant both commenced suit in the Osceola circuit
court against Pierson.   Defendant, it would appear, failed
to prosecute his suit to effect, but after the levy upon
plaintiff's judgment, hereinafter referred to, procured a
quitclaim deed from Pierson, and claims title thereunder.
In the suit instituted by plaintiff the summons was in the
usual form in *assumpsit*, with a statement added to the
effect that the suit was instituted to enforce a mechanic's
lien.   The declaration filed in the case was on the com-
mon counts in *assumpsit*, with a like statement appended.
The judgment was in *assumpsit*, with a statement that
the suit was instituted to enforce a lien on the property
in question.   An execution was issued, in which the
sheriff was commanded to make the amount of the judg-

ment, costs, etc., "of the goods and chattels of Elbert D. Pierson, and, for want thereof, then of his lands and tenements." This execution also contained a recital of the fact that the suit was instituted to enforce a mechanic's lien on the property in question. Under this execution a levy was made on the property in question, and a sale subsequently made thereunder to the plaintiff. The sheriff, in his return, certified that he was unable to find any goods and chattels in his bailiwick. In the suit referred to there was no return of service upon defendant, but the following acceptance of service was filed, and the genuineness of the signature proved by affidavit:

"FLINT, MICH., 11-8-1892.

"I, Elbert D. Pierson, defendant in the within attached summons, do hereby accept service of the same this 11th day of November, 1892, and hereby waive formal service by an officer, and *allow the plaintiff herein named to proceed with the case, the same as though service had been made as commanded in said summons.*

"Signed in the presence of
"LIZZIE PIERSON.
        [ Signed ]        "ELBERT D. PIERSON."

It is contended that the acceptance of service at Flint gave the court no jurisdiction in the *assumpsit* case, and that, the execution being in form under the lien statute, and that statute not being operative, the sale was void.

1. The authorities are not harmonious on the question of the effect of a mere acceptance of a service of a writ beyond the jurisdiction of the court. Perhaps by the weight of authority such acceptance operates as evidence of a service at the place where such acceptance is indorsed, and has no greater effect than proof of an actual service made at that place. 2 Enc. Pl. & Prac. 638, and cases cited. But see *Vermont Farm Machine Co.* v. *Marble,* 20 Fed. 117; *Cheney* v. *Harding,* 21 Neb. 65; *Johnson* v. *Monell,* 13 Iowa, 300. But in the present case the indorsement on the summons was something more than an acceptance of service. It contained a stipulation that

plaintiff might "proceed with the case the same as though service had been made as commanded in said summons;" that is, in the county. If an appearance may operate to waive service, as is universally held, it is difficult to understand why an agreement to waive service, duly signed, and evidently intended to be filed in the case, may not and should not have a like effect. It has been held that the admission of service is, if accompanied by an agreement to enter an appearance, sufficient to confer jurisdiction, even though such agreement be made beyond the territorial jurisdiction of the court. *Keeler* v. *Keeler*, 24 Wis. 525; *Shaw* v. *Bank*, 49 Iowa, 179. See, also, cases cited above.

2. The execution was ~~not invalid~~ *valid*. Defendant's counsel relies upon the case of *Koepke* v. *Dyer*, 80 Mich. 311. In that case it was held that, although the plaintiff had attempted to foreclose his lien in a proceeding at law, and although this attempt was ineffectual, yet the judgment in *assumpsit* was good as a personal judgment. The execution was, however, set aside, for the reason that the command of the writ was to levy on the specific property covered by the lien, and was not general. The writ in the present case is not open to any such criticism. The command was general, and the mere recital of the lien did not modify this command in any way.

Judgment affirmed, with costs.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.