JONES *v.* MERRILL.

| 113 | 433 |
|-----|-----|
| f125 | 590 |
| 113 | 433 |
| 127 | 600 |

1. SERVICE OF PROCESS—ACCEPTANCE—JURISDICTION.

   An admission of "due personal service" of subpœna by a defendant in another State is sufficient to confer jurisdiction upon a court of this State.

2. SAME.

   It seems that the bare admission of the *fact* of service beyond the territorial jurisdiction of the court would not be deemed sufficient.

3. EJECTMENT—BETTERMENTS—SUFFICIENCY OF OCCUPANCY.

   A defendant in ejectment who, before the commencement of the action, entered upon the premises in good faith under color of title, painted the exterior of the house, shingled a portion of the roof, and moved some things into the house, is within 3 How. Stat. § 7836, providing for compensation for improvements made by defendants in ejectment who shall have "occupied" the premises for a less time than six years under color of title and in good faith.

   113 MICH.—28.

4. SAME—GOOD FAITH—QUESTION FOR JURY.

    Where the circumstances are such as to throw doubt upon defendant's good faith, the question is one for the jury.

Error to Muskegon; Russell, J. Submitted June 8, 1897. Decided June 28, 1897.

Ejectment by Susan L. Jones against Esther E. Merrill. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Philip W. Niskern*, for appellant.

*Chamberlain & Cross*, for appellee.

MONTGOMERY, J. Ejectment for a house and lot in the city of Muskegon. Plaintiff claims title under a foreclosure in equity of a mortgage executed by Melissa C. Livermore. Defendant claimed, at the time of the entry hereinafter referred to, under a commissioner's deed executed in pursuance of a sale under certain chancery proceedings, the nature of which is not very clearly shown in the record. Defendant also filed a claim for compensation for improvements made upon the premises. Two questions are presented: *First*, whether the foreclosure under which plaintiff derives title was valid; and, *second*, whether the defendant had such possession when the improvements were made upon the land as entitled her to recover the increased value of the premises by reason of such improvements, or, more accurately, whether there was evidence for the jury tending to show such occupancy and the good faith of defendant. ·

    1. The validity of the foreclosure proceeding depends wholly upon the question of whether the court obtained jurisdiction by an acceptance of service signed by the defendant in that proceeding in Montana. The language of the acceptance indorsed upon the subpœna was as follows:

    "I hereby admit due personal service upon me of the within subpœna this 11th day of September, 1894.
                "MELISSA C. LIVERMORE."

We had occasion to refer to this subject in *Allured* v. *Voller*, 107 Mich. 476. In that case it appeared that there was an acceptance beyond the jurisdiction of the court, in which acceptance there was also a waiver of formal service by an officer, and a permission to the plaintiff to proceed with the case the same as though service had been made as commanded in said summons. As was said in that case, the authorities are not harmonious upon the subject of a mere acceptance of the service of a writ beyond the jurisdiction of the court. It became unnecessary for us to determine the effect of such acceptance in that case, as we deemed that there was an express waiver and authority in writing conferred upon the plaintiff to proceed with the case. In the present case it is unnecessary to determine the effect of a mere acceptance of a service shown upon its face to be beyond the jurisdiction of the court. In this case the acceptance purports to be an acceptance of *due* personal service, which means a service which will confer jurisdiction upon the court. The case of *Cheney* v. *Harding*, 21 Neb. 65, goes further than is necessary to sustain the holding of the circuit judge in this case. In that case the admission of service showed upon its face that the service was made at the residence of the party, in another State. Yet the court held that the defendant was bound by such acknowledgment or acceptance of service, even though outside the territorial jurisdiction of the court to which it was returnable.

In the early case of *Dunn* v. *Dunn*, 4 Paige, 430, Chancellor Walworth said:

"In all cases where the court has jurisdiction over the subject-matter of the suit, if the defendant, who is beyond the limits of the State, thinks proper to waive that objection by a voluntary appearance, or by consenting to accept as regular the service of process upon him at the place where he resides or is found, he cannot afterwards object to the regularity of the proceedings against him, founded on such service."

In the case of *Vermont Farm-Machine Co.* v. *Marble*, 20 Fed. 117, it appeared that the defendant accepted ser-

vice of the subpœna, "to have the same effect as if duly served on him by a proper officer.". It was held that in so accepting service the defendant subjected himself to the jurisdiction of a court sitting in a district of which he was not a resident. See, also, *Ex parte Schollenberger*, 96 U. S. 369; *Laramore* v. *Chastian*, 25 Ga. 592; *Shaw* v. *National State Bank*, 49 Iowa, 179. The case of *Weatherbee* v. *Weatherbee*, 20 Wis. 499, distinctly holds the opposite doctrine. But that case is in conflict with our own holding in *Allured* v. *Voller*, and an attempt was made to distinguish it in *Keeler* v. *Keeler*, 24 Wis. 522. We think it an entirely safe rule that a party may waive service of process by any act clearly evidencing an intention to do so. The bare admission of the fact of service beyond the territorial jurisdiction of the court should not be deemed a waiver. But an admission of service so worded as to clearly evidence an intent to waive further service should be held to amount to a waiver. Such intent is clear in the present case.

2. The defendant offered evidence to show that, before the commencement of the action of ejectment, she entered upon the premises, painted the exterior of the house, shingled a portion of the roof, and moved some things into the house. She sought to recover for these improvements. The circuit judge was of the opinion that she had not shown such occupancy as is contemplated by section 7836, 3 How. Stat., which provides for compensation for improvements made by defendants in ejectment who shall have been in the actual, peaceable occupation of the premises for six years before the commencement of the action, or who shall have occupied for a less time than six years under a color of title and in good faith. We think by this term "occupancy" is meant such an occupancy as, under the rules of the common law, would entitle one to acquire a title by adverse possession. It must be actual, open, and peaceable. But this does not necessarily imply that the claimants shall have actually lived and made their home upon the disputed property.

If it were constantly worked year after year, if cropped, or if shrubs and trees were planted and cared for, and such attention given as they required, or if fences were built, such an occupancy is actual, rather than constructive, and is such an occupancy as the statute contemplates.

It is doubtless true that there is enough in this record to throw some doubt upon the defendant's good faith, but this would be a question for the jury. *Miller v. Clark,* 56 Mich. 344.

We think there was error in excluding the evidence of defendant upon this branch of the case, and that for this error the judgment should be reversed and a new trial ordered.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.