Kinkead, J.
On trial of this action for divorce it appeared that plaintiff came to Columbus from Jackson county where he had lived with his wife, and where he owned and still owns a home in which he lived. He lived with his sister two months in Columbus, filing his petition for divorce after residing here thirty days. After two months he returned to Jackson county where he was, and at the time of hearing, is still employed. No summons was issued, but counsel sent a waiver of summons to the defendant in Scioto county, together with a copy of the petition. A letter accompanying the waiver stated that the waiver was merely to save costs; that if summons was issued to the sheriff of the county where defendant lived, the people in her neighborhood would think she was being sued, and it would make extra costs. The waiver was signed, to which was also attached a request by defendant that she be restored to her maiden name.
*606 Plaintiff owns real estate and asks that defendant’s rights therein be barred. The ground of divorce is that defendant deserted plaintiff prior to March, 1936, for several weeks at a time, and about the middle of March, 1916, she again deserted plaintiff, and that she has ever since remained away.
Section 11983, General Code, provides that when defendant is a resident of this state the clerk shall issue a summons directed to the sheriff of the county in which he or she resides, * * * and which, together with a copy of the petition, shall be served on him or her at least six weeks before the hearing of the cause. ’ ’
Section 11985 provides that tire cause may be heard and decided after the expiration of six weeks from service of summons. These provisions are to be regarded as mandatory and expressive of the public policy of the state, which must be literally complied with before the court has power to even hear a case; and no divorce case can be heard prior to six weeks after service of summons.
Not only do the considerations of public policy as shown by the mandatory character of the provisions of the statutes referred to demonstrate the utter impropriety of permitting waiver of summons and entry of appearance in divorce cases, but on the other hand an entry of appearance coupled with a request for restoration of name, as in the waiver now before the court, constitutes prima facie evidence of a consent by both parties to a divorce, which is on its face collusive and contrary to public policy. See Lewis v. Lewis, 1 Dayton Term (Iddings), 11.
A compliance with the statute requiring personal service or advertisement can not be dispensed with. Ferrell v. Ferrell, 1 Ohio Dec. Reprint, 135, 2 West L. J., 427; Bettinger v. Bettinger, 4 Pa. Dist., 441; Weatherbee v. I. d., 20 Wis., 499.
A waiver of summons does not, in fact, vest the court with jurisdiction. A proceeding in divorce is statutory, hence the provisions of the statute must be followed to confer jurisdiction.
The prayer for divorce is denied because no action is pending.