[Civ. No. 6870. First Appellate District, Division One.—October 28, 1929.]

FRANCIS E. SMITH, Appellant, v. MOORE MILL AND LUMBER COMPANY, a Corporation, Respondent.

C. K. Bonestell, Walter S. Brann and Edgar H. Rowe for Appellant.

K. C. Partridge for Respondent.

KNIGHT, J.—Appellant brought this action upon an assigned claim of the Fyfe-Wilson Lumber Company to recover damages for the alleged conversion of certain logging equipment located in the state of Oregon. Judgment of nonsuit was entered and the appeal is taken therefrom.

The respondent Moore Mill and Lumber Company is an Oregon corporation and the Fyfe-Wilson Lumber Company is incorporated under the laws of California. Some time prior to September, 1922, the latter company delivered to respondent in Coos County, Oregon, the logging equipment in question for the purpose of enabling respondent to get out logs. At the time of such delivery the Fyfe-Wilson Lumber Company owed respondent fifty thousand dollars, which was evidenced in part by promissory notes, one being for the sum of three thousand dollars. On September 22, 1922, respondent commenced suit on the note last mentioned in the Circuit Court of Coos County, Oregon, and caused a writ of attachment to be issued and levied upon the property in question. Thereafter and on January 8, 1924, judgment by default was entered and the property was sold under execution and bid in by respondent. More than two years thereafter the present action was commenced in the Superior Court in and for the City and County of San Francisco, upon the theory that the judgment rendered in the Oregon court and the execution sale based thereon were void, appellant claiming that there was an attempted personal service of summons on the Fyfe-Wilson Lumber Company outside the state of Oregon without first having obtained an order for the publication of the summons as required by the laws of that state, and that therefore the Oregon court did not acquire jurisdiction of the person of said company as the defendant in the action.

The laws of Oregon relating to the service of summons upon nonresidents of that state are admittedly similar to those of California in providing that in certain classes of

cases, where service is to be made upon a defendant without the state, it is essential to a valid service that an order of court be first obtained, based on affidavit, for the publication of the summons, and that after such order is obtained personal service out of the state is equivalent to publication, etc. Here, admittedly, no such affidavit was made nor any such order obtained. But the record shows that the judgment was entered upon the strength of a written acceptance of service of summons signed by the Fyfe-Wilson Lumber Company, the terms of which represented that such service was made in Coos County, Oregon. It read as follows:

"State of Oregon,
"County of Coos.—ss.

"Service of the within and foregoing summons is hereby accepted this 3rd day of October, 1922, by delivery to me of a duly certified copy of the complaint herein together with a true copy of the foregoing summons.

"(Signed) FYFE-WILSON LUMBER Co.
"By JOSEPH FYFE, JR., V. P."

Appellant omitted to insert in the bill of exceptions herein a copy of the complaint filed in the Oregon action, and consequently there is nothing in the record before us to show that prior to the entry of judgment the Oregon court was apprised of the fact that the Fyfe-Wilson Lumber Company was a California corporation, or if so, that its principal place of business was not in Oregon; and moreover, the recitals in the judgment are to the effect that service of the summons was duly made within the court's jurisdiction. However, in the present action, appellant introduced evidence to prove, in contradiction of the terms of the written acceptance of service, that such service was in fact not made in Oregon but in California. Therefore, the determinative question presented by the appeal relates to the legal effect of such written acceptance of service.

In this connection it may be stated generally that although an acknowledgment of service when made upon a nonresident defendant has the effect merely of personal service without the state, such acknowledgment by its terms may amount to something more than a mere acknowledgment of service and constitute a waiver of want of jurisdiction of the person of the defendant (32 Cyc., p. 450). Such

was declared to be the law as early as 1834, for in the case of *Dunn* v. *Dunn*, 4 Paige (N. Y.), 425, it was said: "In all cases, however, when the court has jurisdiction over the subject matter of the suit, if the defendant who is beyond the limits of the state thinks proper to waive that objection by a voluntary appearance, or by consenting to accept as regular the service of the process upon him at the place where he resides or is found, he cannot afterwards object to the regularity of the proceeding against him founded upon such service." And although the weight of authority seems to hold that a bare acknowledgment of the fact of service beyond the territorial jurisdiction of the court does not amount to a waiver (see *Allured* v. *Voller*, 107 Mich. 476 [65 N. W. 285]), it is well established that if the acknowledgment is so worded as to evidence an intention to waive further service, it partakes of the nature of a waiver and is legally sufficient to confer jurisdiction over the person of the defendant, provided, of course, the court has jurisdiction over the subject matter. (*Jones* v. *Merrill*, 113 Mich. 433 [67 Am. St. Rep. 475, 71 N. W. 838].) The written admission of service considered in the case last cited bears a strong analogy to the written acceptance involved in the present case. It reads as follows:

"I hereby admit due service upon me of the within subpoena this eleventh day of September, 1894.

"(Signed) MELISSA C. LIVERMORE."

and the same was held to be a waiver and therefore legally sufficient to confer jurisdiction over the person of the party signing it. As already shown, the written acceptance of service in the present case reads: " . . . Service of the within and foregoing summons is hereby accepted this 3d day of October, 1922. . . . "

It will thus be observed that as in the case of *Jones* v. *Merrill, supra,* the language used goes beyond the mere admission of the fact of service and the bare acknowledgment of the receipt of copies of the complaint and summons, and expressly states that service of summons "is hereby accepted," clearly implying an approval of the form and sufficiency of the service and an intention to submit to the jurisdiction of the court. Furthermore, the fact that the Fife-Wilson Lumber Company made it appear by the caption of the written acceptance that summons was served within

the state of Oregon, when in fact it was served in California, tends strongly to fortify the conclusion that thereby the company intended to waive any defect of service, because evidently if the truth had been set forth therein, to wit, that the service was made in California, the Oregon court doubtless would have refused to enter judgment in the state of the record before it, that is, in the absence of an affidavit and order for publication of the summons. And the further fact that more than two years were allowed to elapse before any steps were taken to assail the validity of the judgment is also persuasive of the belief that irrespective of the condition of the record in the case said company was willing that judgment should be entered against it without further proceedings being had.

It is doubtless the law, as appellant contends, that a judgment of a court of record of another state differs in its conclusive effect from such a domestic judgment in one material respect, namely, that it may always be shown by evidence outside the record and even in opposition to the recitals that the court was without jurisdiction either of the subject matter, or of the parties, and that consequently it may be shown by extrinsic evidence that summons was not in fact served. (*Greenzweig* v. *Strelinger*, 103 Cal. 278 [37 Pac. 398] ; 15 Cal. Jur. 245.) Nevertheless, such a judgment is entitled to the same presumptions of regularity in jurisdiction as a domestic judgment, and unless it be shown by clear and convincing evidence that there has been a want of jurisdiction, the presumption that its judgment is valid must prevail (15 Cal. Jur. 346; *Estate of Wiechers,* 199 Cal. 523 [250 Pac. 397] ; *Estate of Pusey,* 177 Cal. 367 [170 Pac. 846]).

For the reasons stated the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.