# J. A. BERRY, Respondent, v. FREDA BERRY, Appellant.

(234 N. W. 520.)

Opinion filed January 16, 1931.

*Kelly & MacMahon* and *Jacobsen & Murray,* for appellant.

354

*H. A. Mackoff,* for respondent.

Burr, J. In June of 1927 plaintiff commenced this action for divorce and the record in the case shows this admission of service signed by the defendant: "Due and personal service of the summons and complaint in the above entitled matter is hereby admitted this 18th day of June 1927, by delivery of copy at Havelock, North Dakota."

This signature of the defendant is witnessed by Mrs. Mildred Crane and H. M. Whitney. While the record in this matter is not specific we gather from it, nevertheless, that the H. M. Whitney who signed as witness is now the husband of the defendant.

The action was not brought on for trial until October 1927. A decree of divorce was obtained in November 1927 and plaintiff was given the custody of the child—a boy twelve years of age who was living with the father at this time.

It appears from the record that the defendant, at that time and for some time previous thereto, was a resident of Tacoma, Washington.

The defendant wrote to the plaintiff's counsel in . August 1927 as follows: "I would like to know if Mr. James Berry was granted a decree of divorce. If so would you please send me a reply by return mail as it would help matters a great deal when two people are so far away from one another either not caring what the other does so I have not heard a word about it for a long time."

A few days thereafter this lawyer wrote her to the effect that the case would be heard about the middle of October. The defendant retained this reply and in February 1928, sent it back to plaintiff's counsel with a written inquiry thereon as follows: "I would like to know if this divorce was granted last year as I did not get a notice if it was. Will you kindly write and let me know."

Plaintiff in his affidavit says that in June 1928 defendant married Harry Whitney—her third venture, she having been divorced before she married plaintiff—and she does not dispute the statement. Thus we see why she was anxious to learn if a decree of divorce had been granted. So far as the record shows, the defendant, ever since this

third marriage, has been living with the said Whitney and is now so living with him as his wife.

In June of 1930 the defendant, styling herself "Freda Whitney, formerly Freda Berry," made an affidavit in support of a motion for "an order vacating and modifying the decree in the above entitled action with reference to the custody of the child of said parties, Walter Berry, and with reference to alimony and that the defendant will at said time ask for custody and possession of said child, together with alimony, including back alimony at the rate of $50.00 a month, together with all the relief in the premises which may be just and equitable. The above motion will be based on all the records and files in the action, including the affidavit of the defendant hereto attached"— and signed the affidavit as "Freda Whitney (Berry)." The motion and affidavit were served upon the plaintiff in the State of Washington and it is conceded upon this argument that neither the plaintiff nor the child is now, nor was at the time of making this motion, a resident of North Dakota. The reasons assigned for vacating or modifying the decree of divorce are: that although she admitted service of the summons and complaint for the purpose of facilitating the divorce proceedings, specifying this State as the place of service, yet the summons and complaint were in fact mailed to her in Washington and it was there she admitted service, and not at Havelock. She further claims: that the plaintiff at the time of the divorce proceedings, was living in North Dakota and was employed as a railroad telegraph operator; that prior thereto the parties were living in Washington but the plaintiff got employment in North Dakota and it was agreed he was to obtain a divorce upon the ground of desertion; that she was not to contest this proceeding and it was agreed she was to have the child every other year, and plaintiff would pay her $40.00 per month for support of the child during the time; that the plaintiff did not live up to this agreement but obtained the custody of the child for himself; that she has good grounds for divorce against him for cruelty and failure to support; that the divorce was obtained by fraud and deceit, and so she asks that the judgment and decree be set aside, and in case that be not done the court modify the decree so as to give her the custody of the child. The plaintiff in his counter affidavit admits admission of service was signed in the State of Washington,

and states: that he came to Marmath as a telegraph operator, rented a home and furnished it and requested her to come and bring the child; that the defendant did come there, brought the child but remained only a short time and then returned to Tacoma and thereafter lived in adultery with the man who is now her husband; that plaintiff went to see the defendant and found the situation with regard to this other man, and that to avoid scandal the defendant agreed that plaintiff could take the boy with him, commence an action for divorce on the ground of desertion and if he would see there would be no notoriety she would not contest the proceedings; to avoid scandal and save disgrace he consented to do so: that the plaintiff made a property settlement with defendant and returned to this state with his child. There are other allegations in the affidavit which are not necessary to set forth.

Some time after the decree of divorce was granted the plaintiff was transferred to Montana and is now living there with his son who is close to sixteen years of age.

Upon the showing made by the defendant, the court refused to set aside the decree of divorce and refused to modify the judgment giving the custody of the child to the defendant, and defendant appeals.

This is a unique case even in the annals of divorce proceedings. Confessedly the defendant knew divorce proceedings were pending and desired them. By her own admission she did all she could to facilitate the securing of a divorce. She appeared to be anxious to have the matter heard and determined as early as possible and shortly after learning that a decree of divorce had been entered she married the man with whom the plaintiff says she was living in adultery. This man witnessed the admission of service and defendant still lives with him, so far as the record shows, and bears his name. Though asking to have the decree of divorce vacated, apparently she is still living with this other man. She attacks the decree on the ground that service was made on her outside the state without the filing of an affidavit for publication and says failure to do this destroys the effect of the admission of service, which she admits having made. She says now that though the papers had been mailed to her and she had ample time to read the admission of service she did not notice that the admission of service stated the service was made in North Dakota.

Whether the precaution of having two witnesses was suggested to her by counsel for plaintiff or whether it was her own suggestion we do not know, but her signature is attested by two witnesses.

It is not necessary for us to determine whether the admission of service of summons and complaint is a submission to the jurisdiction of the court, even though the defendant was a nonresident of the State when she admitted service. There is no question but what a nonresident may submit to the jurisdiction of the court. On the face of the record the court was justified in taking jurisdiction of the case from the first and entering the decree. The admission of service, voluntarily signed, showed service within the State. If the written admission is not true, then it was in effect a fraud upon the court. When we examine the language of the admission of service, where "due service and personal service" is admitted, and construe the same in the light of such decisions as Jones v. Merrill, 113 Mich. 433, 67 Am. St. Rep. 475, 71 N. W. 838; Smith v. Moore Mill & Lumber Co. 101 Cal. App. 492, 281 Pac. 1049 we are not prepared to say jurisdiction was not completed.

However this matter is set at rest by the subsequent proceedings. The defendant comes into this court now and invokes the jurisdiction of the court. In one breath she asks the court to set aside the decree because the court had no jurisdiction over her and over the case; and in the next breath she asks the court to assert its jurisdiction and modify the decree of divorce so as to give her the custody of the child. In Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095, we held that an appearance by defendant, and a request to have a decree against her set aside because the court had no jurisdiction of her person, and because it had been procured by fraud and deceit, waive all defects in the service of process but do not cure or condone the fraud so as to make improper an order setting aside the judgment on that ground. The defendant cannot play fast and loose with the court in such manner. Her demand for a modification of the decree so as to give her the custody of the child justified the court in refusing to vacate the case on the ground that the court had no jurisdiction and that there was fraud practiced on her. See also Allen v. Bohner, 54 N. D. 14, 208 N. W. 204.

Defendant does not ask for leave to answer, otherwise the trial

court would have passed on that point, therefore the trial court was justified in passing on the motion to modify. It would serve no useful purpose to set forth the charges and counter-charges in the affidavit upon which the plea for modification and change of custody of the child is made. Where the defendant, knowing a decree of divorce had been granted, deliberately marries another man and while still living with him asks to have the decree of divorce vacated and her old husband restored to her and knowing that this former husband together with the child of the marriage is no longer a resident of this State, and in addition thereto affidavits of the nature presented by the plaintiff in this case are before the court we feel the court committed no error in refusing to modify the decree so as to give defendant the custody of the child. The boy is now sixteen years of age. He is living in Montana under the custody of his father and attending a private school. If he wanted to live with his mother it would be difficult to prevent him and that in itself may show the boy's predelection. The trial court saw no good reason for changing the custody. If the trial court believed the affidavit of the plaintiff, and its action showed it did, the discretion vested in said court was not abused. The order appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.