[Civ. No. 4543.   Third Appellate District.—May 2, 1932.]

MORRIS BROWN, Respondent, v. ESTHER BROWN, Appellant.

Thomas F. Hinds for Appellant.

Andreani, Haines, Bisher & Carrey for Respondent.

ANDERSON, J., *pro tem.*—This is an action for divorce. It will be necessary to recite certain facts in order to make plain the points to be considered.

The plaintiff filed the first complaint in Washoe County, state of Nevada, on the eighteenth day of November, 1927, charging wilful desertion. The complaint alleged a residence of plaintiff of three months in Washoe County immediately next before the filing of the complaint, which is one of the jurisdictional facts necessary to be alleged. Defendant filed her pleadings. The case came on for trial, and the Nevada court made findings, which findings were filed on the nineteenth day of April, 1928. A decree denying the divorce and relief of both parties was signed and recorded on May 2, 1928.

Thereafter, to wit, on the twenty-eighth day of November, 1928, the same plaintiff filed an action for divorce against the said defendant on the ground of desertion, in the county of Los Angeles, state of California, and thereafter, to wit, on the twenty-first day of January, 1930, the Superior Court of the County of Los Angeles signed and entered an interlocutory decree of divorce against defendant and appellant herein, in favor of the plaintiff.

The allegations of the complaint as set forth are that the defendant wilfully deserted the plaintiff for more than one year next preceding the twenty-eighth day of November, 1928; that plaintiff is now, and for more than one year last past has been a resident of the state of California, and for more than three months immediately next preceding the commencement of the action, a resident of the county of Los Angeles. Evidence was offered and received proving the allegations; thereupon evidence was offered to prove the charge of wilful desertion, which the court received and acted upon by granting an interlocutory decree of divorce to the plaintiff.

We do not understand that appellant objects to the sufficiency of the evidence, except on the ground of estoppel and *res judicata* by reason of the prior Nevada decree. This

was offered and received in evidence. No other evidence was offered by the defense. Defendant did not appear at the trial except by counsel.

It will be observed that the complaint in the Nevada case was filed on the eighteenth day of November, 1927. This complaint embraced all charges of desertion prior to the eighteenth day of November, 1927. The plaintiff testified that on or about the twenty-second day of November, 1927, he changed his residence to Los Angeles County, California, and on the twenty-eighth day of November, 1928, as hereinbefore stated, he filed a complaint for divorce against his wife, the same defendant named in the divorce action in the state of Nevada, charging his wife with wilfully deserting him on the seventeenth day of June, 1923, and that she "has at all times since said date continued to so desert and abandon plaintiff, and to live separate and apart from *his*", etc.

■ We find from an examination of the evidence taken at the trial in the case at bar that the defendant, in the month of April, 1928, stated that "she never cared for Mr. Brown"; that "she never lived with him and never wants to live with him"; and many other statements are contained in the transcript in support of the complaint which, if believed by the trial judge, were sufficient proof of desertion before the filing of the complaint on November 28, 1928, and after the period embraced within the complaint filed in the state of Nevada on November 18, 1927.

We have not had our attention called to any insufficiency of the evidence as introduced in support of the California complaint.

■ We will now consider the objection to the decree from the point of estoppel by reason of *res judicata*.

From what we have already said, it is conceded there is identity of parties, but there is not identity of cause of action. When the defendant, after the end of the first action, and during the time covered by the action at bar, stated that "she would not live with plaintiff"; that "she never cared for Mr. Brown"; that "she never lived with him and never wants to live with him"; and many other statements made by her after she had come from her victory in the divorce case in Nevada, and while stopping in Los Angeles before returning to Vermont, without giving a suffi-

cient excuse to satisfy the court,—the court, with this corroboration and other evidence appearing in the record, together with the plaintiff's evidence in the record, was clothed with the power to render a decree against her.

It is true the plaintiff in the case at bar testified that the defendant was first guilty of desertion on the seventeenth day of April, 1923, "and at all times since said date continued to so desert and abandon plaintiff, and to live separate and apart from *his*, without any reason therefor, and against his will and without his consent".

There are also certain statements made in the findings of the Nevada court that the plaintiff here had committed certain acts of cruelty, but the court did not find plaintiff guilty of extreme cruelty in the findings, nor in the decree and judgment, and denied all relief asked for by both parties, ordering that each should pay his costs.

If, as contended by appellant, after the plaintiff was found guilty by the Nevada court of extreme cruelty, which an examination of the record does not so reveal, and as claimed by appellant under section 98 of our Civil Code, the defendant here could not be guilty of desertion, but her desertion could not be justified long after the alleged cruelty occurred, even if the Nevada court had made a decree finding him guilty of extreme cruelty, which we do not find.

There is one other point which we will consider, and that will have a bearing upon the duration of residence after the plaintiff had gone to Los Angeles to reside.

The divorce action in the state of Nevada was tried on the nineteenth day of April, 1928, and the divorce decree was entered on or about the second day of May of the same year. The judge in the Nevada case made the following finding therein: "*That the plaintiff is now* (italics ours) and has been for more than three months last past immediately preceding the commencement of this action, a *bona fide* resident of the County of Washoe, State of Nevada."

As we have said, the complaint filed in the Nevada court was filed on the eighteenth day of November, 1927, and all the facts that the court was to hear must have occurred before the date of the filing of the complaint, to wit, November 18, 1927, and the court must make its findings within that date, else it exceeds its jurisdiction; but, according to the facts of record, the court went beyond the record

when it found: *"the plaintiff is now"* a resident of Nevada. From an examination of the record it would appear that the findings referred to must have been copied from the first paragraph of plaintiff's complaint, for the reason that the first three and one-half lines are exactly the same. The language of the complaint is correct, but the words "is now" should have been omitted in the findings. From an inspection of the record we should say it was an inadvertence.

We have examined the findings filed in the Nevada court and find they consist of complaint, demurrer, answer, reply, amended answer and supplemental reply, and nowhere is it claimed the plaintiff asserts a different residence than that of three months' residence in the county of Washoe, state of Nevada, immediately next preceding the filing of the complaint, to wit, on the eighteenth day of November, 1927.

Under the authorities, where the judgment exceeds the jurisdiction of the court and the judgment is offered to establish a fact, the court may refuse to be guided by the judgment as being void, and we think the California court could and did so disregard it. In support of this point we cite the following authorities: 24 Cal. Jur. 977–983; *First Nat. Bank of Findlay* v. *Terry*, 103 Cal. App. 501 [285 Pac. 336]; *Greenzweig* v. *Strelinger*, 103 Cal. 278 [37 Pac. 398]; *Smith* v. *Moore Mill & Lumber Co.*, 101 Cal. App. 492-[281 Pac. 1049]; *Estate of Pusey*, 180 Cal. 368 [181 Pac. 648].

Keeping in mind the date of the filing of the complaint in the Nevada case and the findings therein, the statement incorporated in the findings of said case "that the defendant did not, for more than one year last past, *or at all*, desert or abandon plaintiff", must also be disregarded upon the above reasoning and authorities.

We think from an examination of the whole record that the judgment should be affirmed, and it is so ordered.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.