# Herr v. Humphrey, Judge.

March 17, 1939.

HARDIN H. HERR for petitioner.

WOODWARD, DAWSON & HOBSON, J. PAUL KEITH, JR., and H. H. ROTH for respondent.

OPINION OF THE COURT BY JUDGE FULTON—Sustaining motion.

In January, 1939, suit was filed in the Jefferson Circuit Court for the sale of certain real estate in which small interests were owned by Ruth Rombke and Doris Rombke, residents of the State of Wisconsin, the former being an infant over 14 years of age and the latter being an infant under 14, both of them being named as defendants. No warning order was made as to these infant defendants, but summons was issued for them and sent to their residence in Wisconsin. Adolph Rombke, father of these infant defendants, acknowledged service of the summons for Doris Rombke, infant under 14, and Ruth Rombke acknowledged service of the summons issued against her.

When this process was returned with the acknowledgments of service appearing thereon, the court, on affidavit filed, appointed the petitioner, Hardin H. Herr,

guardian· ad litem for these infant defendants. He declined to act on the ground that the court had no jurisdiction over the infants and that, therefore, his appointment as guardian ad litem was void. On his refusal to act, Judge Churchill Humphrey, the respondent, assessed a fine of $30 against him for contempt of court. He seeks this writ of prohibition to prohibit the enforcement of this judgment of contempt against him.

The first question presenting itself is as to the power of this court to issue a writ of prohibition restraining a circuit judge from punishing for contempt where he is proceeding outside of his jurisdiction or is proceeding erroneously within his jurisdiction. This is no longer an open question, as it was determined in the affirmative in the case of Williams v. Howard, Judge, 270 Ky. 728, 110 S. W. (2d) 661, the basis of the opinion being that where the lower court was about to impose a fine for criminal contempt without jurisdiction, or erroneously within his jurisdiction, the petitioner was without adequate remedy by appeal and would suffer great and irreparable injury. See, also, Herr v. Humphrey, Judge, 258 Ky. 270, 79 S. W. (2d) 965; Ketcham v. Manning, Judge, 212 Ky. 325, 279 S. W. 344.

The remaining question to be determined, therefore, is whether or not the two infant defendants were before the court. If so, the appointment of the petitioner as guardian ad litem was valid and he was guilty of contempt in refusing to act as such under appointment of the court. If they were not properly before the court, the appointment of petitioner as guardian ad litem was void and the court was without power to punish the petitioner for contempt in refusing to comply with a void order.

As to Ruth Rombke, infant over 14 years of age, there can be little doubt that the acknowledgment of service of summons by her was ineffectual to bring her before court. Although this matter does not appear to have been decided directly in this state, we find the almost unanimous weight of authority in other jurisdictions to be that an infant can neither acknowledge nor waive the regular service of process upon him as required by the Code. 31 C. J. 1155; 14 R. C. L. 284; Westmeyer v. Gallenkamp, 154 Mo. 28, 55 S. W. 231. 77 Am. St. Rep. 747; Winston v. McLendon, 43 Miss. 254; Kansas City St. J. & C. B. R. Co. v. Campbell, 62 Mo. 585; Bass v. Bass, 78 N. C. 374; Wheeler v. Ahrenbeak,

54 Tex. 535; Moore v. Wilson, 180 Ark. 41, 20 S. W. (2d) 310; Caskey v. Peterson, 220 Wis. 690, 263 N. W. 658; Melnick v. Laszio, 161 Misc. 791, 293 N. Y. S. 261. We are of the opinion that the rule enunciated in these authorities is sound and that the acknowledgment of service of the summons by this infant did not effectually enter her appearance or bring her before the court.

There is some conflict among the authorities as to the effect of the acknowledgment or acceptance of service of process beyond the territorial jurisdiction of the court, but the weight of authority seems to be that such acknowledgment or acceptance has no greater effect than actual service made at that place or an order of publication duly published. 50 C. J. 487; Allured v. Voller, 107 Mich. 476, 65 N. W. 285; White v. White, 66 W. Va. 79, 66 S. E. 2, 24 L. R. A., N. S., 1279, 135 Am. St. Rep. 1013; Smith v. Chilton, 77 Va. 535. In some jurisdictions an acknowledgment of service, if accompanied by agreement to enter an appearance, is sufficient to confer jurisdiction, even though such agreement be made beyond the territorial jurisdiction of the court. Keeler v. Keeler, 24 Wis. 522, 525; Shaw v. National State Bank, 49 Iowa 179.

It is unnecessary to decide whether or not acceptance in a foreign jurisdiction of summons issued in this state against a person sui juris is sufficient to enter his appearance to the action, for it must be admitted that the father of Doris Rombke, infant under 14, could not enter her appearance to the action. The guardian of an infant may enter its appearance in this type of action, and it has even been held that a resident guardian of non-resident infants may enter their appearance (Ellis v. Smith's Guardian et al., 147 Ky. 99, 143 S. W. 776), but in no case has it ever been held that the father of an infant may enter its appearance. We are of the opinion that the utmost effect to be given to the acknowledgment of service by the father of this infant is that it was a waiver of formal delivery of a summons to him by an officer and can have no greater effect than an actual service made at that place, and such actual service beyond the territorial jurisdiction of the court could not have the effect of bringing the infant before court. In short, we regard this acknowledgment of service as being no more than an attempted entry of the infant's appearance by the father, which appearance he had no right to enter.

424

As neither of these infant defendants was properly before court, the trial judge was without authority to appoint a guardian ad litem for them and his order appointing the petitioner as such guardian ad litem was void. The trial court was therefore without right or power to punish the petitioner for contempt for failing to comply with this void order.

The motion for a permanent writ of prohibition is sustained and a writ will issue prohibiting the respondent from trying or punishing the petitioner for contempt.