JULIA S. ERICKSON, Respondent, *v.* PAUL E. ROBISON, Appellant.

Fourth Department, November 11, 1953.

*Stewart F. Hancock, Jr.,* for appellant appearing specially.
*Morris Garber* for respondent.

KIMBALL, J. The appeal by the defendant is from an order of Special Term which denied defendant's motion, on a special appearance, to set aside service of the summons. It appears from the affidavits in support of and in opposition to the motion that the action is one to recover damages for personal injuries, claimed to have been sustained by the plaintiff while riding as a passenger in the defendant's automobile in the State of New Jersey on June 17, 1950. The service of summons is stated to have been accomplished on April 2, 1953, at Shell Beach, California. It appears that the plaintiff is a resident of the State of New York; that the defendant is a resident of the State of Pennsylvania and as a member of the armed services was, at the time of service, stationed in the State of California.

On March 30, 1953, the plaintiff's attorney at Syracuse, New York, addressed a letter to the defendant at Shell Beach, California. The letter stated that defendant's insurance company had refused to settle plaintiff's claim and that it would be necessary to institute an action. It further stated that, by reason of defendant's absence from the State, it was necessary that defendant, " admit service of the Summons upon you, which Admission is the equivalent of personal service." The defendant was asked to execute and return an " Admission of Service " and he was directed in the letter to mail a copy of the summons and admission of service to his insurance company

at a Syracuse address. The record shows that defendant complied with the letter. The admission of service signed and acknowledged by the defendant, is as follows:

" State of New York

Supreme Court — County of Onondaga

(Title)

" I hereby admit due and legal, personal service of the within Summons on this 2nd day of April, 1953, at Shell Beach, Calif., by delivering to and leaving with me a copy of said Summons." There is nothing in the record to indicate that any third party delivered the summons to the defendant and left it with him so that the " delivery to and leaving with " was evidently accomplished merely by the receipt of the letter and enclosures by the defendant from the plaintiff's attorney.

The affidavit of plaintiff's attorney in opposition to the motion sums up, in a way, the plaintiff's position. It states: " That by executing the said Admission of Service the defendant intended to, and did, consent to accept the said service of the Summons with the same force and effect as if such service had been made personally within the State of New York; that he thereby intended to, and did, submit himself to the jurisdiction of the Supreme Court of the State of New York and *thereby appeared in this action.*" (Italics mine.)

This action is one in personam. The object of it is to hold the defendant personally on a money judgment. It is hardly necessary to cite authorities on the proposition that the courts of this State acquire no jurisdiction of a nonresident in an action in personam by personal service outside the borders of this State. (*Pennoyer* v. *Neff,* 95 U. S. 714; 21 R. C. L., Process, § 34, p. 1290.) It is equally well settled that a nonresident may voluntarily submit himself to the jurisdiction of the court by a general appearance in the action. A voluntary general appearance is equivalent to personal service within the State. (*Reed* v. *Chilson,* 142 N. Y. 152.) O'BRIEN, J., in the *Reed* case (pp. 155–156) wrote: " In the absence of personal service within the state or a general appearance, the court had no jurisdiction to render the judgment without proof of the granting of an attachment and a levy by virtue thereof upon property of the defendants within the state."

Section 235 of the Civil Practice Act makes provision for service of summons without the State without order. Such service may be made upon a defendant in a case specified in section 232 of the Civil Practice Act or upon a defendant domi-

ciled in the State. It cannot be claimed that the defendant in the instant action is within either category. Had the summons been delivered to the defendant in California by a third party the court would have acquired no jurisdiction. The respondent apparently takes the position that an admission of service of summons is something of a different nature from an affidavit of service. She overlooks the fact that it is the service of the summons which confers jurisdiction. An admission of service and an affidavit of service are merely different methods of proving that the summons was duly served. Rule 53 of the Rules of Civil Practice makes provision for proof of service of a summons. Proof of personal service may be by affidavit; by certificate if made by a sheriff and by a written admission signed by the defendant and either acknowledged and certified as a deed to be recorded or accompanied with an affidavit as to the genuineness of the signature. Subdivision 4 of said rule 53 provides: '' A written admission of the service of a summons imports, unless otherwise expressly stated therein or otherwise plainly to be inferred from its contents, that a copy of the summons was delivered to and left with the person signing the admission.'' An admission is merely another way of proving that a summons was delivered to and left with a defendant.

In the instant case, all we have is proof that the summons in a negligence action was delivered to and left with the defendant not in the State of New York but at Shell Beach, California. There was no service within the State of New York and there was no jurisdiction acquired by serving the summons without the State. The respondent argues however that the defendant '' intended to submit himself to the jurisdiction of the Court and thereby consented to the institution of an action against him. * * * and thereby appeared in this action.'' Reliance is placed upon *Dunn* v. *Dunn* (4 Paige Ch. 425) and *Pohlers* v. *Exeter Mfg. Co.* (293 N. Y. 274) as well as cases in other jurisdictions. The out of State cases could be distinguished if that was necessary. The *Dunn* case (*supra*) was one of divorce and the court held that service in New Jersey was irregular. In the *Pohlers* case (*supra*), the defendant was a foreign corporation. Service was made by statute upon the Secretary of State upon express consent.

There has been no consent to jurisdiction. Proof of service of summons is not a general appearance. Section 237 of the Civil Practice Act provides: '' A voluntary general appearance of the defendant is equivalent to personal service of the summons upon him.'' By a general appearance in an action, the defendant

subjects himself to the jurisdiction of the court regardless of defects as to manner of service or place of service. Said section 237 also sets forth how defendant's appearance must be made. It is not claimed that the defendant here has so appeared. To sum up, the defendant was not served within the State; there is no proof of service by affidavit or admission that he was served within the State; personal service without the State was nugatory and there has been no general appearance. The order should be reversed and the motion granted.

All concur. Present—McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs.