Mamo Pittoni, J.
Defendants’ motion to vacate a default judgment entered against them on March 28, 1961 is denied.
The summons was served on February 24,1961. On March 7, 1961 defendant, Joseph Fazio, sent a letter to plaintiff’s attorney acknowledging receipt of the summons and stating that he intended to take the case to the Attorney-General. On March 23, 1961 plaintiff’s attorney, by phone, notified defendant, ‘1 Mary ’ ’ Fazio, that he would enter judgment. On March 28, 1961 judgment was entered. On March 31, 1961 plaintiff’s attorney, by letter, notified defendant, Joseph Fazio, advising him of entry of judgment for $148.87. Defendant’s letter of March 7, 1961 was an admission of service, which is proof of service (Rules Civ. Prac., rule 53, subd. 4), but not a general appearance (Erickson v. Robison, 282 App. Div. 574).
Defendant’s moving affidavit sets forth the payment by check of the full amount claimed to be due to plaintiff, except 40 cents. He also mentions a discussion with plaintiff’s assignor about a mistake in the amount of $100 and “ circumstances which can only be educed at trial. ’ ’ Even if this were considered a sufficient affidavit of merit, the affidavit sets forth no excuse
*245 for the default, and both must be shown (Prokop v. City of New York, 9 A D 2d 788 [2dDept.]).
Defendants were apprised of the claim by the service of the summons, and were notified of the entry of judgment almost 10 months before this motion. No excuse for the delay is shown. Even if defendant were awaiting a reply from the Attorney-General, which would not be a valid excuse for the default, such reply was received in May, 1961, and this motion was not made until 7 months later.
The default appears to be willful, intentional and deliberate and not inadvertent or excusable. (Hanke v. Brown, 2 A D 2d 694 [2d Dept.]; Tomoser v. Hegyi, 1 A D 2d 759 [4th Dept.].) Where no excuse at all is offered for the default, and despite knowledge of the existence of the default judgment the application to vacate it was not made for almost 10 months after its entry, the motion may not be granted. (Bright v. Goshen Sanitarium Co., 1 A D 2d 670 [2d Dept.].) Motion denied.