[Civ. No. 49672. First Dist., Div. One. Mar. 1, 1982.]

In re the Marriage of JO ANNE and JAMES R. MERIDETH.
JO ANNE MERIDETH, Respondent, v.
JAMES R. MERIDETH, Appellant.

COUNSEL

Robert M. Brilliant for Appellant.

No appearance for Respondent.

**OPINION**

**GOFF, J.\***—

### STATEMENT OF THE CASE

In this dissolution proceeding, the husband, James Merideth, appeals from an order after judgment that he pay to wife, Jo Anne, $3,555, representing arrearages in child support payments.

---

*Assigned by the Chairperson of the Judicial Council.

James asserts that the trial court never obtained jurisdiction of his person; and, therefore, the support orders are void.

## THE FACTS

Jo Anne and James were married in Illinois in 1967. They had one child, Aaron. They separated in 1972.[1]

On February 9, 1973, Jo Anne filed this proceeding to dissolve her marriage to James. On February 14, 1973, pursuant to Code of Civil Procedure section 415.30, Jo Anne's attorney mailed to James in Illinois a copy of the summons, the petition, a blank confidential questionnaire, and a notice and acknowledgment of receipt form. The latter form advised James in relevant part as follows:

## "NOTICE

"This summons and other document(s) indicated below are being served pursuant to Section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it to me within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law. [¶] . . . [T]his form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons and other document(s) are deemed served on the date you sign the Acknowledgment of Receipt below, if you return this form to me."[2]

This portion of this form was signed by Jo Anne's counsel or one of his employees.

Below the "Notice" is an "Acknowledgment of Receipt" form which says in relevant part: "This acknowledges receipt of: (To be completed by sender before mailing) . . . [¶] 2. XX a copy of the Summons and of the Petition (Marriage) and: [¶] XX Blank Confidential Questionnaire (Marriage) . . . ."

---

[1] These facts are asserted in Jo Anne's petition for dissolution.
[2] The relevant language is taken from Code of Civil Procedure section 415.30.

The acknowledgment of receipt was signed by James on April 19, 1973, indicating that he received the forms on February 17, 1973.

On June 15, 1973, Jo Anne filed a request to enter default together with the notice and acknowledgment of receipt signed by James, and a return of service showing that the summons had been served upon James by first class mail at Rantoul, Illinois. The clerk entered James' default that day.

Jo Anne's petition was heard as a default matter on September 17, 1973, and the court executed an interlocutory decree on May 13, 1974. The court found, inter alia: "The court acquired jurisdiction of the respondent on April 19, 1973 by: [¶] *XX* Service of process on that date, respondent not having appeared within the time permitted by law."

The decree awarded custody of Aaron to Jo Anne and ordered James to pay Jo Anne $75 monthly for Aaron's support.

A final decree of dissolution was made and filed July 23, 1974. It incorporated the interlocutory decree by reference.

On August 10, 1979, the court issued an order requiring James to show cause why its order for Aaron's support should not be increased to $150 monthly and why the court should not enter judgment for $3,555, representing arrearages in payments required by the interlocutory and final decrees.

James filed a "Responsive Declaration re Order to Show Cause" marked "Special Appearance Only" in which he asserted that the court lacked jurisdiction over his person. James also filed a notice of motion to vacate the support orders previously made on the ground that the court had never obtained personal jurisdiction over James.

James' motion was noticed for the same court and time as Jo Anne's order to show cause. However, the trial judge ruled that James' motion was properly heard in another department, and declined to rule on it. The court then denied Jo Anne's motion to increase the child support order and ordered James to pay Jo Anne $3,555 in child support arrearages.

James appeals from the latter order.

Nothing in the record tells us whether the motion to vacate was heard, or, if it was, the ruling on it.

Jo Anne's counsel declares Jo Anne cannot afford to appear on this appeal and she has not done so. Her counsel filed an eight-page memorandum on the jurisdictional issue with the trial court which we will treat as her position on appeal.

James alleges that he has never entered California. In her memorandum below, Jo Anne admitted James' insufficient contacts with California to establish personal jurisdiction. She argues however: (1) James consented to jurisdiction; (2) James waived his right to challenge jurisdiction; and (3) James is estopped to challenge jurisdiction. The pivotal issue on appeal is whether James consented to jurisdiction over his person by signing the acknowledgment of receipt and returning it to Jo Anne's attorney. We conclude he did not.

■ Initially, we observe that at least since *Pennoyer v. Neff* (1878) 95 U.S. 714 [24 L.Ed. 565], the concepts of service of summons and jurisdiction of the person are not coextensive. (Cf. Code Civ. Proc., §§ 410.10 and 410.50 and Judicial Council comments thereto.) Further, service of summons on a nonresident defendant may be sufficient to empower the issuing court to adjudicate the marriage relationship (*Williams v. North Carolina* (1942) 317 U.S. 287 [87 L.Ed. 279, 63 S.Ct. 207, 143 A.L.R. 1273]) but not to make in personam orders concerning support or child custody. (*Kulko v. California Superior Court* (1978) 436 U.S. 84 [56 L.Ed.2d 132, 98 S.Ct. 1690]; *May v. Anderson* (1953) 345 U.S. 528 [97 L.Ed. 1221, 73 S.Ct. 840]; *Estin v. Estin* (1948) 334 U.S. 541 [92 L.Ed. 1561, 68 S.Ct. 1213, 1 A.L.R.2d 1412].) In order to issue an enforceable order for child support, a court must first obtain jurisdiction over the person sought to be ordered. (*Kulko v. California Superior Court, supra,* 436 U.S. 84.)

■ Personal jurisdiction may be obtained by consent. (*National Rental v. Szukhent* (1964) 375 U.S. 311 [11 L.Ed.2d 354, 84 S.Ct. 411]; *Harrington v. Superior Court* (1924) 194 Cal. 185 [228 P. 15].)

However, we do not think that James gave his consent for the reasons which follow.

Consent implies a concurrence of wills. (*Callahan v. Municipal Court* (1971) 17 Cal.App.3d 1011 [95 Cal.Rptr. 423].) It also implies

knowledge of the consequences of the consent. (*Shea v. Board of Medical Examiners* (1978) 81 Cal.App.3d 564 [146 Cal.Rptr. 653].) The form which James signed did not tell him that his signing and returning it would subject him to the power of a California court to order him to pay money to Jo Anne on pain of fine or jail. Nor did it tell him he would not subject himself to that power if he did not sign and return it. It did tell him that if he did *not* sign and return it, that he might have to pay "any expenses incurred in serving you . . . ."

Further, James merely acknowledged receipt of the mailed documents. He acknowledged nothing whatsoever concerning their legal effect.

Under these circumstances, it is clear to us that from James' signing the acknowledgment of recipt form, we cannot reasonably infer that he consented to the court's jurisdiction over his person.

Jo Anne relies on *Smith v. Moore Mill & Lumber Co.* (1929) 101 Cal.App. 492 [281 P. 1049] to defend the court's personal jurisdiction over James. *Smith, supra,* held personal jurisdiction over defendant corporation attached when its vice president signed a statement that "'Service of the within and foregoing summons is hereby accepted . . . .'" (*Id.,* at p. 494.) But the court carefully distinguished that statement from the general rule that ". . . [A]n acknowledgment of service when made upon a nonresident defendant has the effect merely of personal service without the state, . . . ." (*Id.,* at p. 494.) Personal service outside the state does not ipso facto confer jurisdiction over the person served. (*May v. Anderson, supra,* 345 U.S. 528.)

The distinction made in *Smith v. Moore Mill & Lumber Co., supra,* 101 Cal.App. 492, is also made by the Restatement Second of Conflict of Laws, § 32, comment d and illustrations 7 and 8, and the few cases which address the issue.[3]

■ Jo Anne next asserts that James has waived his right to raise the jurisdictional issue by failing timely to object.

---

[3]*White v. White* (1909) 66 W.Va. 79 [66 S.E. 2]; *Berry v. Berry* (1931) 60 N.D. 353 [234 N.W. 520, 522]; *Allured v. Voller* (1895) 107 Mich. 476 [65 N.W. 285, 286]; *Smith & Wimsatt v. Chilton* (1883) 77 Va. 535; *Erickson v. Robison* (1953) 282 App.Div. 574 [125 N.Y.S.2d 736].

She first relies on Code of Civil Procedure sections 418.10, subdivision (a) and 430.80 which, she says, required James to raise the jurisdictional issue "... on or before the last day of his time to plead ...." (§ 418.10, subd. (a).)

As we have concluded above, the service of process upon James gave the court no power over his person. It follows that it could not require him to do any act nor could it deprive him of any weapon to protect his in personam rights. To rule otherwise would require James to appear in California, something the jurisdictional rules already discussed exist to prevent. The purpose of Code of Civil Procedure section 418.10 is to permit a defendant specially to challenge the court's personal jurisdiction without waiving his right to defend on the merits by allowing a default to be entered against him while the jurisdictional issue is being determined. (*Hartford* v. *Superior Court* (1956) 47 Cal.2d 447 [304 P.2d 1].) James did not choose to use this method to attack jurisdiction.

Jo Anne argues another waiver theory: James failed to move to set aside the default within a year of its entry, citing *Washko* v. *Stewart* (1941) 44 Cal.App.2d 311 [112 P.2d 306], and *F. E. Young Co.* v. *Fernstrom* (1938) 31 Cal.App.2d Supp. 763 [79 P.2d 1117]. However, this rule is inapplicable for the reason that Jo Anne admitted in the trial court that James' contacts with California were insufficient to establish jurisdiction over his person. (*Thompson* v. *Cook* (1942) 20 Cal.2d 564 [127 P.2d 909].)

Jo Anne argues James is estopped to dispute jurisdiction because he did not contest jurisdiction timely and she relied upon his acquiescence to her detriment. However, Jo Anne produced no evidence on the issue and so her argument fails.

Since the trial court never obtained personal jurisdiction over James, it was without power to order him to pay child support. Therefore, that portion of the order requiring James to pay arrearages in child support payments is reversed.

Racanelli, P. J., and Grodin, J., concurred.