Filed 11/6/14  L&J Assets v. Yakubik CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| L&J ASSETS, LLC,<br><br>                      Plaintiff and Appellant,<br><br>     v.<br><br>ANDREW YAKUBIK,<br><br>               Defendant and Respondent. | B248614<br><br>(Los Angeles County<br> Super. Ct. No. YC051713) |

APPEAL from an order of the Superior Court of Los Angeles County.  Ramona G. See, Judge.  Affirmed.

Law Offices of Dennis Price and Dennis Price for Plaintiff and Appellant.

Campbell & Farahani, Frances M. Campbell and Nima Farahani for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

Plaintiff and appellant Bag Fund, LLC, the assignee of the original plaintiff, L&J Assets, LLC, contests the trial court's order granting defendant and respondent Andrew Yakubik's motion to vacate a default judgment for lack of personal jurisdiction. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 2005, plaintiff's assignor, L&J Assets, LLC, filed this action alleging breach of contract and common counts arising from defendant's breach of a credit card agreement. It was alleged defendant made the last payment on the account in April 2002 and that in excess of $14,000 remained due. It was also alleged, on information and belief, that defendant was a resident of the County of Los Angeles, State of California.

Service of the summons and complaint was accomplished by certified mail return receipt requested to defendant at an address on Decatur Boulevard in Las Vegas, Nevada pursuant to Code of Civil Procedure section 415.40.[1] The declaration of mailing attached to the proof of service attests the documents were placed in the mail on September 20, 2005, and the signed return receipt bears a date of delivery of September 23, 2005. Defendant's last name is printed on the receipt along with an illegible signature, and the box identifying the individual who accepted receipt of the package is checked "agent" as opposed to "addressee."

Defendant did not appear in the action and his default was entered on December 21, 2005. The declaration of mailing shows service of the request for entry of default on defendant at the Decatur Boulevard address in Las Vegas, Nevada. A request for a court judgment was served on defendant in January 2006 at the same Las Vegas address. On March 17, 2006, a court judgment was entered against defendant in the amount of $28,961.17. The record is silent as to what transpired for the next two years.

---

[1] All further undesignated section references are to the Code of Civil Procedure.

2

In July 2008, plaintiff received an assignment from L&J Assets, LLC of all of its right, title and interest to the judgment, including the right to seek enforcement and collection. Plaintiff continued the action as assignee, maintaining the original title of the action in accordance with section 368.5. It is not clear what occurred over the next several years.

In March 2012, plaintiff served defendant with judgment debtor interrogatories and a request for documents at the Nevada address and did not receive any responses. Plaintiff then filed motions to compel responses to the discovery and did not receive any opposition to the motions. The hearing date for the motions was set for September 25, 2012.

Several days before the hearing on the discovery motions, defendant, through counsel, filed a motion to vacate the default judgment pursuant to section 473, subdivision (d) on the grounds it was void for lack of personal jurisdiction. The motion asserted defendant was specially appearing to set aside the judgment. The hearing was set for October 22, 2012.

Defendant's moving papers consisted solely of his one-page declaration and four attached exhibits. In his declaration, defendant attested to the following facts. Defendant resides in Henderson, Nevada and has lived in the State of Nevada continuously since 1976. Defendant has voted in Nevada since 1976 and has held a Nevada driver's license since 1976. He obtained a Nevada real estate license in 1976 and has maintained it continuously since that time. Defendant has operated a sole proprietorship called Great Nevada Properties Co. since 1979, and a Nevada corporation called Great Nevada Technology Co., Inc. since 1985. He attested the attached exhibits were true and correct copies of his current Nevada driver's license, his previous Nevada driver's license issued in 2007 (expired in 2011), his Nevada real estate license, the 2013 business license for the Nevada sole proprietorship, and the 2012 business license for the Nevada corporation. Defendant did not deny the validity of the Decatur Boulevard address, nor did he deny that he received service of process by mail at that address in September 2005.

Plaintiff opposed with the declaration of its counsel, attorney Vincent Quigg, and fourteen exhibits. Attorney Quigg attested that L&J Assets, LLC, the original plaintiff, obtained the default judgment against defendant in March 2006 and that the judgment was assigned to plaintiff in July 2008. Attorney Quigg attested to the documents attached as exhibits, including: (1) the docket sheets from three other collection actions in favor of another party (Calvary Portfolio Services) and against defendant in Los Angeles Superior Court arising from default judgments in 2006 and 2008; (2) a copy of the complaint in another action filed by L&J Assets, LLC against defendant in 2005 on a separate past due credit card account, as well as the default judgment and abstract of judgment in that action; (3) a litigation guarantee showing defendant's ownership interest in a parcel of real property on Basswood Avenue in Rancho Palos Verdes, California since 1994; (4) the proof of service forms in this action showing service by mail, return receipt requested, on defendant in Nevada in September 2005; (5) the request for entry of default in this action showing mail service on defendant in Nevada in December 2005; (6) the July 2006 abstract of judgment in this case and notice of involuntary lien from the County Registrar-Recorder's Office; (7) a printout from the California Secretary of State listing defendant as the corporate secretary for a California corporation, Hanley Investment Group, incorporated in 2004; (8) a printout from the California Department of Real Estate showing defendant's former California real estate license, with an expiration date of March 1, 1981; and (9) a printout from the Nevada Real Estate Division showing defendant's two active and one expired Nevada real estate licenses.

Plaintiff also filed a separate motion for sanctions pursuant to section 128.7, arguing defendant's motion to vacate the judgment was frivolous, that plaintiff had given defendant an opportunity to withdraw the motion, defendant had failed to do so, and sanctions were therefore appropriately awarded. A joint hearing on the motions was ordered and the hearing continued to February 28, 2013.

Attached to plaintiff's motion for sanctions were several additional exhibits, including (1) a copy of a form from the United States Postal Service indicating the Basswood Avenue address in Rancho Palos Verdes, as of October 2012, was a listed

4

address for defendant with no change of address request form on file; (2) a copy of a complaint filed by defendant in February 1990 in Los Angeles Superior Court against a former employer for retaliatory termination (the complaint alleges defendant is a resident of Las Vegas, Nevada); and (3) a copy of a building permit obtained by defendant in 2010 from the City of Rancho Palos Verdes for work to be performed at defendant's property.

There is no reporter's transcript of the February 28, 2013 hearing in the record. At the conclusion of the hearing, the trial court took the matter under submission. On March 4, 2013, the court issued its written order granting defendant's motion. The court concluded the March 2006 default judgment was void because of the lack of evidence demonstrating minimum contacts by defendant with the State of California sufficient to support personal jurisdiction. The court deemed moot plaintiff's motions for sanctions and to compel discovery.

This appeal followed. After filing its opening brief, plaintiff filed a request for judicial notice asking that seven documents be judicially noticed in connection with this appeal, including a 1994 grant deed and deed of trust related to the real property in Rancho Palos Verdes; abstracts of judgment and related orders from the Los Angeles Superior Court pertaining to four other default judgments against defendant in California (the three in favor of Calvary Portfolio Services and the second action in favor of L&J Assets, LLC); and a 1994 child support order from a district court in Clark County, Nevada, ordering child support payments to be made by defendant to his former spouse and son. Defendant filed a written objection to plaintiff's request for judicial notice.

**DISCUSSION**

**1.     Plaintiff's Request for Judicial Notice**

Preliminarily, we dispense with plaintiff's request for judicial notice. "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' [Citation.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996)

5

14 Cal.4th 434, 444 (*Vons v. Seabest*).)  A request will ordinarily be denied unless "exceptional circumstances exist that would justify deviating from that rule, either by taking judicial notice or exercising the power to take evidence under . . . section 909." (*Ibid*.)

Almost all of the documents presented by plaintiff to be judicially noticed were in existence *for years* before the hearing in the trial court on defendant's motion to vacate. Plaintiff offers no explanation why these documents were not presented to the trial court. Finding no exceptional circumstances, we deny plaintiff's request.

**2.      The Court's Order Vacating the Default Judgment**

Plaintiff argues the record shows defendant had ample contacts with California to support the exercise of jurisdiction, and also that defendant failed to timely protect his rights to contest the default judgment.  We are not persuaded.

Since this appeal turns on whether the default judgment was void for lack of personal jurisdiction, and the facts are largely undisputed, our review is de novo.  (*Cruz v. Fagor America, Inc*. (2007) 146 Cal.App.4th 488, 495-496; accord, *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858.)  When there is no material conflict in the evidence, " 'the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record.  [Citation.]' " (*Serafini v. Superior Court* (1998) 68 Cal.App.4th 70, 77.)  To the extent any factual disputes exist, the trial court's ruling will not be disturbed on appeal if supported by substantial evidence.  (*Ibid*.) We now turn to a review of the record here.

Defendant received service of the summons and complaint in this action at the Decatur Boulevard address in Nevada in compliance with section 415.40 for service on a nonresident defendant.  Defendant never denied the validity of the address, and never claimed some person, without his authority, accepted receipt of the documents. Defendant never denied having received a copy of the summons and complaint. Defendant has not raised, at any point in the proceedings, any argument that plaintiff failed to effectuate service of process or that he lacked actual notice of this action or the subsequent efforts by plaintiff to perfect the default judgment.

6

Rather, defendant's contention is that he is a nonresident with no minimum contacts with California and, thus no obligation to appear and defend. The record is undisputed that defendant is a resident of Nevada. Nothing in plaintiff's evidence contradicted defendant's declaration or shows that defendant's domicile, or permanent residence, is anywhere other than in the State of Nevada.

As a *nonresident*, defendant, upon being served with process from a California court, had the option of timely appearing in the action and immediately raising his jurisdictional challenge or, ignoring the action, and raising the jurisdictional challenge to any resulting judgment. (Rest.2d Judgments, § 10, com. f, p. 105.) It has long been recognized that "the concepts of service of summons and jurisdiction of the person are not coextensive." (*In re Marriage of Merideth* (1982) 129 Cal.App.3d 356, 361, 363 [acceptance of mail service by nonresident defendant gave the court "no power over his person" and therefore "it could not require him to do any act nor could it deprive him of any weapon to protect his in personam rights"].) Where a defendant knew "about the action but perceived that the court lacked territorial or subject matter jurisdiction, *he is given a right to ignore the proceeding at his own risk but to suffer no detriment if his assessment proves correct*. The right to challenge jurisdiction makes him an instrument for confining judicial authority to its prescribed limits." (Rest.2d Judgments, § 65, com. b, p. 155, italics added; accord, *Insurance Corp. v. Compagnie Des Bauxites* (1982) 456 U.S. 694, 706 [a nonresident "defendant is always free to ignore the judicial proceedings, risk a default judgment" and raise a jurisdictional challenge to the judgment].)

The question then becomes whether defendant's claim that California courts lack personal jurisdiction over him is valid. As a Nevada resident, defendant may still be subject to the jurisdiction of California courts if he has the requisite minimum contacts to satisfy due process. (§ 410.10 ["A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."].)

The evidence of defendant's contacts with California may be summarized as follows. Defendant has held an ownership interest in a parcel of real property in the City

7

of Rancho Palos Verdes since 1994. In 2010, defendant applied for and obtained a permit from the city to have remodeling work performed at the property. Defendant is the corporate secretary for Hanley Investment Group, a corporation incorporated in California in 2004. Defendant previously held a real estate license in the State of California which expired in 1981. In 1990, defendant invoked the jurisdiction of the Los Angeles Superior Court to file a wrongful termination action against his former California-based employers, and alleged a work relationship with those employers that ended in February 1989. Defendant was named in four other collection actions filed in California for allegedly unpaid debts, all of which resulted in default judgments against defendant between 2006 and 2008.

"Personal jurisdiction may be either general or specific. A nonresident defendant may be subject to the *general* jurisdiction of the forum if his or her contacts in the forum state are 'substantial . . . continuous and systematic.' [Citations.] In such a case, 'it is not necessary that the specific cause of action alleged be connected with the defendant's [contacts with] the forum.' [Citations.] Such a defendant's contacts with the forum are so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction. [Citation.]" (*Vons v. Seabest*, *supra*, 14 Cal.4th at pp. 445-446.)

Under no fair reading of the evidence can defendant's contacts with California, many of which occurred and ended years ago, be described as substantial, continuous and systematic. There is no basis for general jurisdiction.

"If the nonresident defendant does not have substantial and systematic contacts in the forum sufficient to establish general jurisdiction, he or she still may be subject to the *specific* jurisdiction of the forum, if the defendant has purposefully availed himself or herself of forum benefits [citation], *and the 'controversy is related to or "arises out of" a defendant's contacts with the forum*.' [Citations.]" (*Vons v. Seabest*, *supra*, 14 Cal.4th at p. 446, italics added; accord, *Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269.)

The relevant period for measuring the nature and quality of a nonresident defendant's contacts with the forum is when the plaintiff's cause of action arose. (*Cadle Co. II, Inc. v. Fiscus* (2008) 163 Cal.App.4th 1232, 1239.) Plaintiff's contract action was

based on defendant's breach of a credit card agreement by nonpayment in April 2002. This action was timely filed in 2005. The evidence shows only two contacts by defendant with California during this time period: defendant's ownership of the property on Basswood Avenue in Rancho Palos Verdes, and his status as a corporate secretary for Hanley Investment Group. Neither of these contacts is sufficient to support specific jurisdiction in connection with plaintiff's collection action.

A nonresident defendant's ownership of property in the forum state is not dispositive of the issue of jurisdiction. The court must still engage in a minimum contacts analysis to determine if jurisdiction is appropriately asserted over the defendant. (*Shaffer v. Heitner* (1977) 433 U.S. 186, 207-208, 212-213.) Moreover, plaintiff provided no evidence this action is in any way related to defendant's ownership of the property. (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 158, p. 758, italics added ["state has jurisdiction over an individual who has owned, used, or possessed real or personal property in the state, *as to a cause of action arising from the property*"].)

Plaintiff also fails to make any connection between the collection action and defendant's status as a corporate secretary for Hanley Investment Group. Plaintiff provided no evidence whether defendant engages in any conduct directed at California in his capacity as secretary, whether he attends meetings or otherwise engages in business related to the corporation here, or any evidence whatsoever that this action is related to the corporation or defendant's involvement as a corporate officer.

Equally unavailing is plaintiff's reliance on records that defendant was sued in California by another entity (Calvary Portfolio Services) and that those actions also went to default judgment. There is nothing in the records evincing any meaningful contacts or conduct *by defendant* directed at California. At most, the documents show that another entity chose to file suit against defendant here, presumably for its own convenience. (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 475 [minimum contacts analysis focuses primarily on conduct by the defendant not the plaintiff or third parties].)

The signed receipt for service of the summons and complaint does not constitute a form of consent to jurisdiction. Where, as here, a nonresident defendant merely

acknowledges receipt of mail-served process, he or she does not thereby acknowledge the legal effect of those documents. (*In re Marriage of Merideth*, *supra*, 129 Cal.App.3d at p. 362 [" 'acknowledgment of service when made upon a nonresident defendant has the effect merely of personal service without the state' " and "does not ipso facto confer jurisdiction over the person served"]; see also Rest.2d, Conf. of Laws, § 32, com. d, p. 133.)

We also reject plaintiff's contention defendant made a general appearance in the action by filing only a motion to vacate the judgment. Defendant's motion to vacate the default judgment was brought pursuant to section 473, subdivision (d), on the grounds the judgment was void, and it raised only that discreet issue of jurisdiction. The motion did not raise arguments going to the merits of the case, or purport to accede to the court's jurisdiction to consider any other issue. The motion asserts, on the cover page, that defendant was specially appearing only. Where a "defendant confines [his or her] participation in the action to objecting to lack of jurisdiction over the person, there is no general appearance." (*Dial 800 v. Fesbinder* (2004) 118 Cal.App.4th 32, 52.)

Finally, plaintiff argues defendant failed to timely seek to quash service and unreasonably delayed in moving to vacate the default judgment. However, because the judgment is *void*, not merely voidable, for want of personal jurisdiction over defendant, the default judgment could be set aside and vacated by the court *at any time*. (§ 473, subd. (d).) As the Supreme Court has explained, " '[l]ack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus *vulnerable to direct or collateral attack at any time*.' [Citation.]" (*People v. American Contractors Indemnity Co*. (2004) 33 Cal.4th 653, 660, italics added; accord, *Strathvale Holdings v. E.B.H*. (2005) 126 Cal.App.4th 1241, 1249, and *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1225.)

The six-month time limit of section 473, subdivision (b) referenced by plaintiff in its argument simply does not apply on this record. It is well established that "[w]hat is

10

initially void is ever void and life may not be breathed into it by lapse of time." (*Los Angeles v. Morgan* (1951) 105 Cal.App.2d 726, 731.) "No one is called to act in a judicial proceeding in which jurisdiction over his person has not been obtained. And although he be a party named in the proceeding, yet if jurisdiction over him be not obtained, he has no duty to perform in relation to the proceeding, for the non-performance of which he is chargeable with mistake, inadvertence, surprise, or excusable neglect, and, as he is not chargeable with any of those things, he is not called upon to avail himself of any of them as ground for a motion to set aside the judgment; nor is he chargeable with *laches* or want of diligence for not knowing of the proceedings or judgment. The party procuring a judgment against another without due process of law, or by fraud, takes it at his peril." (*Lapham v. Campbell* (1882) 61 Cal. 296, 300 [rejecting argument, under former section 473, that a nonresident defendant's motion for relief based on fraud was governed by the statutory time limit]; *Batte v. Bandy* (1958) 165 Cal.App.2d 527, 537-538 [same].)

Plaintiff argues the evidence suggests defendant is flouting the authority of California courts, and otherwise engaging in gamesmanship to avoid his debts, causing plaintiff, and other California plaintiffs, to expend substantial sums attempting to enforce judgments which defendant then belatedly challenges despite having been given timely notice of suit.

The propriety of denying relief from a void judgment based on equitable considerations has been recognized. (See, e.g., *Los Angeles v. Morgan*, *supra*, 105 Cal.App.2d at p. 731 [although void judgments are void *ab initio* that does not mean that "a court of equity may not refuse to exercise its jurisdiction in a proper case by declining to grant affirmative relief"].)

The principle is discussed at length in the Restatement Second of Judgments. "Although the parties to an action may not endow an invalid judgment with validity as such, it has long been recognized that under certain circumstances relief may be denied against a judgment that was rendered without the requisites of validity. . . . [¶] [P]arties to a dispute may resolve it not only by adjudication but by contract or concord, express or

11

implied by conduct giving rise to an estoppel." (Rest.2d, Judgments, § 66, com. a, pp. 158-159.) "There are various forms by which acceptance of the terms of an invalid judgment may be manifested. . . . In some instances, the party against whom the judgment was rendered may in subsequent events be placed in a position where he would be expected to deny the effect of the judgment but does not do so. His failure to protest the judgment in such a situation can be taken as an affirmation of the judgment because the circumstances invited an expression of a contrary position. *However, in the absence of such circumstances, silence is not a manifestation of assent. It is not enough that the person against whom the judgment was rendered simply failed to take action to attack the judgment or to protest the fact that it had been rendered.*" (*Id*. at com. b, p. 159, italics added.)

Plaintiff presented no evidence demonstrating defendant engaged in affirmative conduct expressly or impliedly acknowledging the validity of the judgment on which plaintiff reasonably relied to its detriment. Plaintiff can point only to the fact that defendant, a nonresident, knew of the existence of the action and plaintiff's subsequent perfection of a default judgment, but did not formally respond or attempt to challenge that judgment until plaintiff sought to enforce the judgment through judgment debtor discovery. The equities do not tip in plaintiff's favor.

## DISPOSITION

The court's order of March 4, 2013 vacating the default judgment against Andrew Yakubik is affirmed. Andrew Yakubik shall recover his costs on appeal.


GRIMES, J.

We concur:


BIGELOW, P. J.


FLIER, J.

12