Filed 1/27/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| In re the Marriage of JOHN RICHARD and OLIVIA MELO THOMPSON. | C091168 |
| JOHN RICHARD THOMPSON, Appellant, v. OLIVIA MELO THOMPSON, Respondent. | (Super. Ct. No. PFL20190260) |

APPEAL from a judgment of the Superior Court of El Dorado County, Jamie L. Pesce, Judge. Affirmed.

Suzanne M. Nicholson and Hoffman & Hoffman, Joseph A. Hoffman for Appellant.

William W. Sardam for Respondent.

1

After husband John Thompson petitioned for separation from Wife Olivia Thompson in California, wife petitioned for dissolution of marriage in Massachusetts. Husband then amended his California petition to seek dissolution. Wife, in turn, filed a request for order to quash and abate the California proceedings, arguing her dissolution proceeding in Massachusetts was first and was a better suited forum. The trial court ordered the California case abated and stayed, finding wife's dissolution petition was first in time, the court lacked personal jurisdiction over wife, and "equitable factors" weighed in favor of Massachusetts.

On appeal, husband contends his dissolution petition was first in time because it relates back to his petition for separation, and regardless, the trial court abused its discretion in abating the action based on the erroneous conclusion it lacked personal jurisdiction over wife.

We conclude the trial court did not have in personam jurisdiction over wife at the time husband filed his original petition for separation or his amended petition seeking marital dissolution. Because the first in time rule applies only when the court has acquired both in rem and in personam jurisdiction, husband's first in time theory fails.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Request for Order to Quash or Abate

The parties were married in Rhode Island on March 4, 1989. On March 29, 2019[1], husband filed a petition for separation in California. On April 8th, he mailed a summons to wife in Massachusetts. Wife acknowledges that she signed for receipt of the

---

[1] Hereafter, all dates are in 2019.

summons[2] and husband filed the signed receipt in the El Dorado County Superior Court along with the proof of service on April 16th.

On May 7th, wife petitioned for dissolution in Massachusetts. Husband was personally served with the summons in California on May 16th.

The next day, husband amended his California petition to seek dissolution. He mailed a new summons to wife the day after that.

In early July, wife made a "special appearance" in the California proceeding, requesting an order to "quash and abate" the proceedings.[3] She argued, "[t]he parties to this dissolution are also parties to a Complaint for Divorce, …, which was served first and is currently pending in the Worcester Division of the Trial, Probate, and Family Court in and for the Commonwealth of Massachusetts."[4] She asserted that husband's employer transferred him from Massachusetts to California in 2014, and he has "remained in California," but frequently returned to Massachusetts to visit wife and the

---

[2] The date on which wife signed for receipt of the summons was not indicated on the receipt.

[3] We recognize that "a party's characterization of an appearance as a 'special appearance' is not conclusive for purposes of determining whether the party 'consented' to the court's personal jurisdiction by appearing in an action." (*Szynalski v. Superior Court* (2009) 172 Cal.App.4th 1, 11.)

[4] Wife also argued that husband had appeared in the Massachusetts proceedings and therefore abatement was mandatory. This contention was based on a letter husband wrote to wife's attorney, generally agreeing with the granting of the divorce for "irretrievable breakdown" and further agreeing "with the order to provide suitable support for my daughter . . . until such time as she is no longer a dependent." In her motion to quash and abate the proceedings, wife wrote that: "In accordance with Massachusetts rules of procedure," the letter was filed with the Massachusetts court as an answer to the complaint for divorce, which constituted consent to jurisdiction. The California trial court did not find husband's letter was intended as a response and therefore did not consider it in granting wife's request for order. And wife does not rely on that letter in this appeal.

children.  She also asserted that husband gives wife money for living and household expenses, pays large bills incurred by the community and pays the monthly payments on their Massachusetts home.  Wife also argued that Massachusetts is better suited as the forum state, as she has never resided in California and has been a Massachusetts resident for the past five years, she and husband own a home in Massachusetts in which she resides and is subject to disposition, and one of their adult children is subject to an order for support under Massachusetts law.

Husband responded that his petitions for separation and dissolution involved the same controversy, and California was first to acquire jurisdiction over the controversy because wife was served first.[5]  Husband stated:  "The questions to be answered by this court is [*sic*] whether California or Massachusetts obtained jurisdiction first, and whether or not the second state to acquire jurisdiction should have [its] action abated."  Husband did not refute wife's allegations concerning his contacts in that state or contend Massachusetts never obtained personal jurisdiction over him.[6]

### The Trial Court's Order Abating and Staying the California Petition

The trial court ordered the action "abated and stayed."  The court explained that wife's petition was first in time over husband's dissolution petition.  It reasoned that husband's separation petition, though filed first, did not have "the same effect for jurisdictional requirements" as the dissolution petition, thus it should not be treated the same.  It also noted that while it had jurisdiction over the marital status of the parties, it did not have personal jurisdiction over wife because she does not reside in California.

[5]  For this same reason, husband asserted in the instant case that the Massachusetts case should be abated.

[6]  Husband filed a declaration that focused on the assertion that his California action was first in time and that he did not intend the letter he sent to wife's attorney to be an answer in wife's Massachusetts dissolution action.  (See fn. 4, *ante*.)  He stated no facts contrary to those asserted by wife concerning his contacts in Massachusetts.

Finally, the court cited the "equitable considerations" of the home in Massachusetts and the support of the adult child in college, explaining, that the matter "is better suited to be dealt with in Massachusetts."

## DISCUSSION

### I. The Parties' Contentions

Husband challenges the trial court's ruling, contending his amended petition for dissolution relates back to his first petition for legal separation, and therefore is first in time over wife's Massachusetts petition. He also argues that even if his amended petition did not relate back, the trial court abused its discretion in abating the action based on the erroneous assumption that it lacked personal jurisdiction over wife. Further, he challenges the reliance on the equitable factors, maintaining there was no reason the court could not address the division of real property located in another state, and the single issue of support for an adult child should not favor Massachusetts as the preferred forum for all issues.

Wife responds that whether the separation and dissolution petitions are separate proceedings is rendered moot if the trial court correctly determined it lacked personal jurisdiction over her. To that, she argues that jurisdiction to adjudicate matters in a marital case requires jurisdiction over the parties, i.e., in personam jurisdiction. Further, the first in time rule applies where the court has acquired jurisdiction and here, without minimum contacts with California, the trial court lacked personal jurisdiction over her. Wife also argues the petitions for separation and dissolution are distinct proceedings and therefore the service of summons related to the separation petition does not count in the determination of which court obtained jurisdiction over the parties first. Also, in addition to her petition being first in time, wife argues that "numerous fundamental equitable factors weighed heavily in favor of granting an order to quash and abate . . . ."

Husband replies that wife waived any objection to personal jurisdiction by failing to move to quash service of summons. In addition, according to husband, wife

5

affirmatively consented to personal jurisdiction when she moved to quash or abate his California petition.

We conclude the trial court lacked personal jurisdiction over wife when husband filed his petition for separation and his amended petition for dissolution. We further conclude that even if her motion to quash or abate constituted consent to personal jurisdiction in California, that consent came too late to make a difference in the determination of which court had jurisdiction over the parties first.

## II. Analysis

" ' "[W]here two [courts] have *concurrent jurisdiction* over the same parties and subject matter, the tribunal which first acquires jurisdiction of the parties is entitled to retain it exclusively." ' " (*In re Marriage of Hanley* (1988) 199 Cal.App.3d 1109, 1115 (*Hanley*), italics added.) Thus, the first in time rule turns on what court obtains jurisdiction first. Accordingly, husband's first in time claim fails because the California court did not have in personam jurisdiction over wife when he filed either his petition for separation or his amended petition seeking marital dissolution.

" '[J]urisdiction' to adjudicate matters in a marital case involves three requirements: 1) that the court have authority to adjudicate the specific matter raised by the pleadings (subject matter jurisdiction) [citation]; 2) that the court have 'in rem' jurisdiction over the marital 'res' to terminate marital status ('in rem' jurisdiction) [citation]; and 3) that the court have jurisdiction over the parties to adjudicate personal rights and obligations (personal jurisdiction)." (*Muckle v. Superior Court* (2002) 102 Cal.App.4th 218, 225 (*Muckle*).) Once jurisdiction over the parties is acquired, a court in California may adjudicate rights to land located in other states. (*Barber v. Barber* (1958) 51 Cal.2d 244, 247, *Muckle*, at p. 225.)

We agree with the trial court that it lacked in personam jurisdiction over wife at the time husband filed his petitions for separation and dissolution in California. Due process permits the exercise of personal jurisdiction over a nonresident defendant in the

6

following situations:  "(1) where the defendant is domiciled in the forum state when the lawsuit is commenced [citation]; (2) where the defendant is personally served with process while he or she is physically present in the forum state [citation]; (3) where the defendant consents to jurisdiction [citations]; and (4) where the defendant has sufficient 'minimum contacts' with the forum state, such that the exercise of jurisdiction would not offend ' "traditional notions of fair play and substantial justice." ' "  (*In re Marriage of Fitzgerald & King* (1995) 39 Cal.App.4th 1419, 1425 (*Fitzgerald & King*); *Muckle, supra,* 102 Cal.App.4th at p. 226.)

Here, wife was first to be served.  But service alone on a nonresident party outside the forum state "[gives] a court no power over [her] person" and "does not ipso facto confer jurisdiction over the person served."  (*In re Marriage of Merideth* (1982) 129 Cal.App.3d 356, 362, 363 (*Merideth*); see also *Fitzgerald & King*, 39 Cal.App.4th at p. 1427 [service of summons on wife in Texas did not confer personal jurisdiction].)

Husband, nonetheless, maintains that his separation petition was first because he served wife first.  For this he relies on *Hanley*, *supra*, 199 Cal.App.3d 1109.  But *Hanley* does not support the notion that service alone confers personal jurisdiction.  In *Hanley*, the couple had been living in California, but wife moved to Washington when they separated.  Husband filed for dissolution in California.  The next day, husband — while personally present in Washington — was served with wife's summons and petition for dissolution in a Washington court.  Two weeks later, wife was served in Washington with husband's summons in his California dissolution action.  (*Id*. at p. 1113.)  Wife never appeared in the California matter and a default judgment was entered, but two months later the Washington court entered a separate decree.  (*Id*. at pp. 1113-1114.)

The *Hanley* court held the Washington decree controlled, because Washington had obtained jurisdiction over the parties first.  (*Hanley*, *supra*, 199 Cal.App.3d at p. 1114.)  As noted, the court stated:  " ' "[W]here two [courts] have *concurrent jurisdiction* over the same parties and subject matter, the tribunal which first acquires jurisdiction of the

7

parties is entitled to retain it exclusively." ' " (*Id*. at p. 1115, italics added.)  The court went on to explain the rule where both courts have concurrent jurisdiction:  " '*In applying this rule* it is the tribunal where process is served first which has priority, regardless of which action was filed first.' [Citation.]" (*Id*. at pp. 1116, italics added, quoting *Mungia v. Superior Court* (1964) 225 Cal.App.2d 280, 283 (*Mungia*).)  It is this language upon which husband relies here, but this reliance is misplaced.  As can be seen by the italicized text above, the *Hanley* court held that the service first rule applies where the two courts have "concurrent jurisdiction." (*Hanley*, at p. 1115.)  In this regard, the factual context in *Hanley* is important.  As the background facts in *Hanley* reveal, the husband had been personally served while in Washington and he never challenged Washington's jurisdiction.  (*Hanley,* at p. 1113.)  Consequently, there was no need for the *Hanley* court to address the issue of personal jurisdiction, and the only question in that case where the two courts had "concurrent jurisdiction" was which spouse was served first. Accordingly, *Hanley* should not be read as holding the tribunal where process is served first has priority beyond situations where that tribunal has personal jurisdiction over the party who was first served.[7]

Here, wife was served with husband's separation action before she served husband and filed her dissolution action in Massachusetts.  But even assuming husband's dissolution petition related back to his separation petition, the timing of service on wife

---

[7]  Husband also relies upon *Mungia, supra*, 225 Cal.App.2d at page 287, the case the *Hanley* court relied upon in stating, "the tribunal where process is served first has priority, regardless of which action was filed first."  In *Mungia*, the wife filed a family law action in Los Angeles County.  (*Id*. at p. 282.)  Four days later, the husband filed a family law action in Kern County and served the wife the same day.  (*Ibid*.)  Seven days after that, husband was served with summons in the wife's Los Angeles County action. (*Ibid*.)  The *Mungia* court held that Kern County had exclusive jurisdiction because the husband served the wife before she served him.  (*Id*. at pp. 283-284.)  Because both parties were California residents, the two courts had "concurrent jurisdiction" and in personam jurisdiction was never at issue.

has no bearing because there was no in personam jurisdiction over wife in California at that time. Indeed, California did not have personal jurisdiction over wife when husband later amended his petition to be one for dissolution instead of separation.

Husband asserts that wife made a general appearance by filing and litigating her motion to quash or abate the proceedings and thereby consented to jurisdiction. Consent to personal jurisdiction can be manifested by a general appearance, which occurs when a defendant takes part in the action or in some manner recognizes the court's authority to proceed. (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 7.)

But even if the motion to quash or abate the proceedings here amounted to consent to jurisdiction in California, it came too late because by then the Massachusetts court had already acquired jurisdiction. Husband had significant contacts with Massachusetts, and like the husband in *Hanley*, he did not challenge Massachusetts's jurisdiction. For example, he did not argue that Massachusetts had no in personam jurisdiction over him in his effort to establish his California petition was first in time nor did he do so in attempting to refute wife's contention that the Massachusetts court was a "more suitable" forum. Indeed, husband framed the issue for the trial court as "whether California or Massachusetts *obtained jurisdiction first,* and whether or not the second state to acquire jurisdiction should have [its] action abated," implying Massachusetts had jurisdiction over him. (Italics added.) And we consider the trial court's ruling abating the California proceedings as an implied finding that Massachusetts had personal jurisdiction. (See *Stangvik v. Shiley, Inc.* (1991) 54 Cal.3d 744, 752 [motion to dismiss or stay based on inconvenient forum cannot be granted if the defendant cannot be subjected to jurisdiction in the other state].)[8]

---

[8] As noted, husband also asserts that even before wife filed her motion to quash and abate, she waived any objection to jurisdiction by failing to move to quash service of summons. Even assuming wife had an obligation to move to quash the summons, the

In summary, because the California trial court lacked personal jurisdiction over wife before the Massachusetts court acquired jurisdiction over both parties, defendant's relation back/first in time theory fails.[9]

* * * * *

---

time for doing so had not elapsed before Massachusetts obtained jurisdiction over husband. California Code of Civil Procedure section 418.10, upon which husband relies, allows a party to file such a motion "on or before the last day of his or her time to plead." (§ 418.10, subd. (a) and (a)(1).) Wife had 40 days after she was served to respond. (§§ 412.20, subd. (a)(3) [answer – 30 days], § 430.40 [demurrer – 30 days]; § 1013 [extended 10 calendar days if service by mail outside of California, but within the United States].) The summons was mailed to wife in Massachusetts on April 8. Wife petitioned for dissolution in Massachusetts on May 7, and husband was personally served with the summons in California on May 16, two days before the 40-day deadline for filing a motion to quash the summons in California.

[9] Because we hold that the trial court lacked personal jurisdiction over wife before the Massachusetts court acquired jurisdiction, we need not address defendant's contention that the trial court erred in concluding, as an alternative basis for granting wife's motion to quash or abate, that Massachusetts was the more "suitable" forum because of equitable considerations.

## DISPOSITION

The order is affirmed.  Husband shall pay wife's costs on appeal.  (Cal. Rules of Court, rule 8.278.)


　　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　　　　MURRAY, Acting P. J.



We concur:



　　　　　／s／
RENNER, J.



　　　　　／s／
KRAUSE, J.